## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
===============================x
```

The Hartford Courant Company     :     Civil Action No.
                               :     3:03CV 0313 (RNC)

      Plaintiff,               :

                               :

American Lawyer Media, Inc.     :
d/b/a The Connecticut Law Tribune     :

                               :

      Intervening Plaintiff,     :

                               :

v.                                :

                               :

Joseph Pellegrino,     :
Chief Court Administrator     :

                               :

      Defendant.              :     JULY 22, 2004

```
===============================x
```

### ANSWER AND AFFIRMATIVE DEFENSES
### TO INTERVENING COMPLAINT

The defendants, Joseph Pellegrino, Chief Court Administrator, and

William J. Sullivan, Chief Justice, for their answer to the intervening complaint,

hereby state:

1.      To the extent paragraph 1 alleges a legal conclusion, the

defendants do not respond.  The defendants deny knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained

in paragraph 1, and leave the plaintiff to its proof.

2.      The defendants deny knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 2, and leave

the plaintiff to its proof.

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law             Post Office Box 1110
{W1309642}                   Waterbury, CT 06721-1110
                         Telephone: 203 573-1200

3.     Admitted.

4.     Admitted.

5.     Paragraph 5 pleads a legal conclusion and therefore these defendants do not respond.

6.     The defendants admit that the public has a qualified right of access to court files and judicial proceedings and further admit that under certain limited circumstances, the law permits a court to seal particular court documents and/or to close certain judicial proceedings to the public. The defendants deny that the remainder of paragraph 6 accurately sets forth the requirements for sealing in all court and/or statutorily sealed matters.

7.     The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and leave the plaintiff to its proof.

8.     The defendants deny knowledge of so much of paragraph 8 as alleges what the Law Tribune learned. The defendants admit that there was a practice whereby when superior court judges entered sealing orders directing that the existence of a case be kept confidential, court personnel used the "Level 1" designation to enter the orders into the court computer system. The defendants deny knowledge of the remainder of paragraph 8.

9.     The defendants admit that when a superior court judge ordered the sealing of an entire court file but allowed the disclosure of the docket number and case caption, the "Level 2" designation was used to enter the

order into the court computer system.  The defendants deny knowledge of the remainder of paragraph 9.

      10.     The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and leave the plaintiff to its proof.

      11.     The defendants admit that the referenced memoranda reflects the practices as set forth in defendants' answers to paragraphs 8 and 9.

      12.     The defendants admit that the document attached as Exhibit C is a January 29, 2003 document provided by the Judicial Branch of the State of Connecticut showing 104 cases designated as "Level 1" cases.  The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 12.

      13.     Denied.

      14.     The defendants admit that in February 2003, Chief Justice Sullivan issued a statement that sealing and court closure rules would be reviewed.

      15.     Denied.

      16.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The intervening complaint fails to state a claim for which relief can be granted.  F.R.C.P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The defendants lack the legal capacity or authority to provide the relief sought by the intervening plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The judgments or decisions complained of were made by judges of the Superior Court of the State of Connecticut who were duly authorized to make such orders or decisions.

### FOURTH AFFIRMATIVE DEFENSE

The intervening plaintiff's claims are time barred.

### FIFTH AFFIRMATIVE DEFENSE

The court lacks jurisdiction over the subject matter.

THE DEFENDANT,

BY_____

Maureen Danehy Cox
Federal Bar # ct05499
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110
Phone: (203) 573-1200
Fax: (203) 575-2600
Email:  mcox@carmodylaw.com

## CERTIFICATION OF SERVICE

The undersigned certifies that a copy of the foregoing has been served

on the following counsel of record by first class mail, postage prepaid this

22nd day of July, 2004.

Ralph G. Elliot, Esq.
Paul Guggina, Esq.
Tyler Cooper & Alcorn
CityPlace 1 – 35th Floor
185 Asylum Street
Hartford, CT  06103-3488
Phone:  860 725-6200
Fax:  860 278-3802

Daniel J. Klau, Esq.
Wiggin & Dana LLP
185 Asylum Street
Hartford, CT  06103-3402
Phone:  860 297-3738
Fax:  860 525-9380
Email: dklau@wiggin.com


_____
Maureen Danehy Cox