UNITED STATES DISTRICT COURT 
DISTRICT OF CONNECTICUT

```
================================x
```
The Hartford Courant Company          :        Civil Action No. ...............
                                      :        3:03CV 0313 (RNC) ICT COURT
       Plaintiff,                     :                 HARTFORD CT
                                      :
                                      :
American Lawyer Media, Inc.           :
d/b/a The Connecticut Law Tribune     :
                                      :
       Intervening Plaintiff,         :
                                      :
v.                                    :
                                      :
                                      :
Joseph Pellegrino,                    :
 Chief Court Administrator            :
                                      :
       Defendant.                     :        SEPTEMBER 3, 2004
```
================================x
```

## THE DEFENDANTS' STATEMENT OF SEALING ISSUES AND
## PROPOSED SCHEDULING ORDER

Defendants Joseph Pellegrino, Chief Court Administrator, and William

Sullivan, Chief Justice, provide the following statement of their understanding of

the history and status of case sealing and propose the scheduling order set

forth below.

**I.      History and Status of Case Sealing.**

"Level 1" and "Level 2" were computer designations designed to allow

court clerks to enter into the court computer system the sealing status of

particular cases.  The Level 1 and Level 2 designations were created as

administrative responses to reflect sealing required by statute, Practice Book,

or court order.  The program was created in the late 1990's.

{W} 3168821
CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law           Post Office Box 1110
                           Waterbury, CT 06721-1110
                           Telephone: 203 573-1200

There was no computer tracking of sealed files before the late 1990's. There is also no record listing the cases that were sealed before that time. As such, there is no computer "sort" function that could cull out sealed matters and there is no list of specific cases to examine. The only way to determine which cases were sealed as of any pre-computer listing date and the scope of any such seal would be to physically review each and every case file that was ever filed in the Connecticut state court system. The defendants assert that this would be essentially impossible.

Further, the computer program that was created in the late 1990's does not track any changes in the sealing status of a particular case. That is, if one were to run a computer program today that culled Level 1 and Level 2 cases, the data that would be available would reflect today's sealing status. The data would not indicate whether a particular case's sealing status had changed since the date of a prior request. Rather, the reports are "snapshots in time" and do not reflect changes that may have occurred over the time that a case has been on the list.

Although any "snapshot" obtained today would only reflect data as of today, the defendants do have several "snapshots" that were obtained in response to earlier inquiries regarding sealing. The earliest Level 1 snapshot is from January 2003; the earliest Level 2 snapshot is from February 2003.

It is the defendants' understanding that as of August 4, 2004, there were 42 cases listed in the computer system as "Level 1". None of these cases are

{W1189282 }  TINLEY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

active at the superior court level. They have all gone to judgment.  One of the files appears to be on appeal.

As of August 4, 2004, there were 10,778 "Level 2" cases. [1] The defendants understand that of these 10,778 Level 2 cases, 9,266 were "Paternity Acknowledgement with Support Agreement".  The vast majority of these cases were filed before October 1, 1995 and therefore were sealed pursuant to Connecticut General Statutes § 46(b)-173[2].  There are also 611 "Agreement to Support" cases as well as 360 cases that are either "Support Petition" or "Paternity Petition" matters.

As such, it is the defendants' understanding that as of August 4, 2004 there were approximately 500 - 550 Level 2 cases that are not paternity or support related cases.  Further, as noted above, there are snapshots of the Level 1 and Level 2 cases that precede this litigation.  It is the defendants' expectation that the breakdown of Level 2 cases as of that earlier date would generally mirror the breakdown as of August 4, 2004.

II.     **Review of Files to Determine Sealing Basis.**

The available computer data may not include the reason that a particular case is sealed.  Therefore, each file would have to be physically reviewed to

---

[1] The August 4, 2004 report lists 10,855 Level 2 cases but apparently contains 77 entries that were invalid docket numbers.  The defendants understand that originally docket numbers entered for sealing were validated against existing docket numbers in the Civil/Family system to insure the former were correct.  This validating edit had to be removed when it became necessary to seal a case on the same day it was entered into the system.  As a consequence, invalid docket numbers could be and were entered into the sealing file.

[2] This statute was repealed effective October 1, 1995.

{W0770453.2}  C A R M O D Y  &  T O R R A N C E  LLP      50 Leavenworth Street
Attorneys at Law                                        Post Office Box 1110
                                                        Waterbury, CT 06721-1110
                                                        Telephone: 203 573-1200

determine the source of its sealing.  The defendants believe that an

appropriate procedure would be for the clerks from the sixteen judicial districts

to gather files of the Level 1 and non-support or paternity Level 2 cases in their

districts[3] from their inventory of pending cases, from the storage facilities in

their particular courthouse, or from general storage in Enfield.   Each file would

then be reviewed to determine why it has a sealed status.  Judge Pellegrino

and Justice Sullivan recommend appointing the Honorable Aaron Ment, Former

Chief Court Administrator and Judge of the Superior Court of the State of

Connecticut, as the appropriate person to conduct this review. While the

amount of time necessary to review the files would vary, a reasonable average

for cases that are still within the courthouses would be 10 to 15 minutes per

file.  This time does not include the time spent by the clerks gathering the

various files.  Some of the files may require an in-depth analysis, which would

take far more time, and some files might require less time.

If the defendants' understanding of the number and kinds of cases that

have been sealed at Level 1 and Level 2 is correct, they anticipate that they

will be dealing with fewer than 200 Level 1 cases and approximately 500 to

550 Level 2 cases that are not paternity or support related.  Judge Ment would

---

[3] The cases to be reviewed could be those that are shown on the most recent court "snapshot" or the cases shown on an earlier available "snapshot".   To the extent that the plaintiffs prefer that the review be of the cases as shown on an earlier "snapshot", that earlier "snapshot" will not indicate the case type. Therefore, in order to cull out the paternity and support cases, the defendants will have to compare the more recent "snapshots" which contain case type information against the earlier "snapshot" and physically pull and review files that are shown on the earlier "snapshot" but not the later.  As such, the proposed scheduling order includes a provision for an additional four weeks should the plaintiffs elect the review of the files as shown on an earlier "snapshot".

{W1114234}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

review each file to determine the reason for the case's sealed status. Judge Ment would complete the form attached as Exhibit A for each of those cases.

The defendants and the Judicial Branch have a strong interest in resolving this dispute and therefore would commit to Judge Ment spending between two and three days a week on this project while this process goes forward. This time would be in addition to the time that the clerks of the various courthouses would spend gathering the files.

Assuming that the defendants' general understanding of the number and type of cases is correct, the number of cases to be physically reviewed would be approximately 750 in number. Again, assuming that the defendants can streamline the process by directing the clerks in the various judicial districts to gather all the files for Judge Ment's review, the defendants anticipate that the review of each available file would take approximately 10 to 15 minutes. Assuming that five files could be reviewed per hour, approximately 20 files could be reviewed per day[4]. At this rate, Judge Ment could review the estimated 750 cases in approximately 40 business days, or, if he works on this project two to three days per week as anticipated, in 18 weeks.[5]

The defendants are entitled to charge a reasonable fee for its search of court records. See Conn. Gen. Stat. §51-5a(b) and Second Circuit Memorandum of Decision at page 24. Because the Judicial Branch is committed to resolving this matter, it will agree to conduct the search set forth

---

[4] Part of Judge Ment's time would be spent traveling; there would also be time spent working with the court clerks so that the process would be as efficient as possible.
[5] Again, the defendants estimate that if the plaintiffs opted for review of the cases on an earlier "snapshot", the process would take approximately 4 weeks longer.

above, which it considers to be a reasonable and appropriate response to the

Second Circuit's decision and the claims made in this lawsuit, without charging

the defendants for the considerable time that Judge Ment anticipates spending

on this project or the time that the various court clerks would spend gathering

the various files. **The defendants will not agree to waive the fees that they**

**are statutorily authorized to charge for a search other than as outlined**

**above. The defendants anticipate keeping a record of the time spent**

**searching the files. Should the plaintiffs insist on a review beyond that**

**described above, the defendants will charge for all of the time spent**

**searching the files, including both the time spent performing the search**

**as set forth above and the time spent on any expanded search.**

III.     **The Privacy Concerns of the Litigants to the Underlying Actions.**

The defendants have repeatedly expressed their concern, which the

Second Circuit shares (see Memorandum of Decision at pages 26-27), that the

privacy concerns of the litigants to the underlying litigation be addressed before

any disclosure is made. To that end, the defendants suggest the following as

an appropriate method of insuring that the underlying litigants' privacy concerns

and due process rights are protected.

First, the defendants suggest that the court craft an order of notice to

any and all civil litigants in the State of Connecticut advising them of the

pendency of this lawsuit and that the relief that the plaintiffs are seeking

includes access to the names and docket sheets in cases that the court

system reflects as having been sealed. This order of notice should include

6

instructions for intervention in this lawsuit by interested parties. The defendants suggest that the order of notice be published in several newspapers with statewide distribution and posted in each courthouse in the state.

Second, in those particular Level 1 or Level 2 cases where there is a claim that the level of sealing is inappropriate based on Judge Ment's review of the file, the litigants to that underlying litigation should be provided notice that the plaintiffs are seeking information regarding their lawsuits specifically, with instructions on how to intervene in this lawsuit, if desired.

## IV. Production of the Sealing Orders to the Court for *in camera* Review.

The plaintiffs claim that the district court judge must be provided copies of the sealing orders of the cases at issue. The defendants request that should the court consider entering an order that the sealing orders be produced to the court that it first allow briefing and argument on the issue.

## V. Proposed Scheduling Order.

1. The defendants suggest that the court order that Judge Ment first determine the accuracy of the defendants' understanding of the "universe" of the Level 1 and Level 2 cases as described above at pages 2-3. The defendants propose that the court order such determination to be made within two weeks from the entry of the court's ruling on this proposed scheduling order. If it is determined that the defendants' understanding is inaccurate, the defendants will so advise the court and counsel.

{W1184282} CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

2.    Assuming that the general understanding as set forth above is accurate, the defendants suggest that the court order the defendants to commence the review of the files by Judge Ment as described at pages 4-5 above, with reports to the court at two-week intervals regarding the number of cases that have been reviewed and Judge Ment's findings regarding the basis and status of the sealing in those matters. As set forth above, assuming that the number of cases to be physically reviewed is approximately 750 in number, the defendants propose that the court order that the review of the particular files commence after the general review set forth at number 1 above and be completed within eighteen weeks if a "snapshot" with case type is selected or within 22 weeks if a "snapshot" that does not show case type is selected.

3.    The defendants request that the court order that the defendants record the time that their personnel spend researching the court files and that the plaintiffs pay to the defendants the hourly or daily rates of the involved personnel. The defendants agree to waive this payment if the search is limited to the search described at pages 4-5 herein.

4.    The defendants request that the court schedule a status conference approximately three weeks after the entry of the court's ruling on this proposed scheduling order so that the parties can discuss the progress to date.

{W...0498...} CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

THE DEFENDANT,

BY _____
        Maureen Daneby Cox
        Federal Bar # ct05499
        Carmody & Torrance LLP
        50 Leavenworth Street
        P.O. Box 1110
        Waterbury, CT  06721-1110
        Phone: (203) 573-1200
        Fax: (203) 575-2600
        Email:  mcox@carmodylaw.com

9

## **CERTIFICATION OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served on the following counsel of record via facsimile and by first class mail, postage prepaid this 3rd day of September, 2004.

Ralph G. Elliot, Esq.
Paul Guggina, Esq.
Tyler Cooper & Alcorn
CityPlace 1 – 35th Floor
185 Asylum Street
Hartford, CT  06103-3488

Daniel J. Klau, Esq.
Pepe & Hazard
225 Asylum Street
Hartford, CT  06103

_____
Maureen Danehy Cox

{W1316362} CARMODY & TORRANCE LLP      50 Leavenworth Street
Attorneys at Law        Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## EXHIBIT A

## REVIEW OF SEALED FILE

Judicial District: _____

Description of case (do not use docket number
for Level 1s; use "L1 #1", L1 #2, etc.; use docket
number for Level 2s) _____

Level of sealing reflected in computer: _____

Is there a sealing order reflected in the file?_____

Is the sealing order signed by or on behalf of a
judge? _____

Is the sealing order still effective or has it lapsed
by its terms?_____

Does the order seal the docket sheet either
implicitly or explicitly? _____

Is the case sealed by statute? _____

If no sealing order, statutory sealing authorization,
or other source of sealing, why was case entered
as sealed on computer? _____

_____

As to cases without sealing orders that are not
statutorily sealed, date and method of notice to
parties re: possible disclosure of information (e.g.
certified letter send __/__/04 to parties and
attorneys of record)._____

{W1316579}