UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HARTFORD COURANT COMPANY | CIVIL ACTION NO. 3:03CV0313 (RNC) |
| Plaintiff, | |
| AMERICAN LAWYER MEDIA, INC. d/b/a THE CONNECTICUT LAW TRIBUNE | |
| Intervening Plaintiff, | |
| v. | |
| JOSEPH PELLEGRINO, CHIEF COURT ADMINISTRATOR and WILLIAM J. SULLIVAN, CHIEF JUSTICE | |
| Defendants. | JANUARY 13, 2005 |

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**           February 21, 2003

**Date Complaint Served:**        February 21, 2003

**Date Intervening Complaint Filed:**   May 30, 2003

**Date of Defendant's Appearance:**   March 3, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the parties conferred by telephone on November 23, 2004 and on January 6, 2005. The participants were:

Ralph G. Elliot
Tyler Cooper & Alcorn
(for The Hartford Courant)

Daniel J. Klau
Pepe & Hazard LLP
(for The Connecticut Law Tribune)

Maureen Danehy Cox
Carmody & Torrance LLP
(for the Defendants)

**I.    Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   Jurisdiction**

    **A.    Subject Matter Jurisdiction**

The plaintiffs claim subject matter jurisdiction predicated upon 28 U.S.C. § 1331 in that this case arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and 1985.

    **B.    Personal Jurisdiction**

This Court has personal jurisdiction over the Defendants, both of whom reside in the state of Connecticut.

**III.  Brief Description of Case**

    **A.    Claims of Plaintiffs**

The Plaintiffs seek access to the docket sheets in Connecticut state court cases that have been subject to so-called "Level 1" and "Level 2" sealing. The Second Circuit has held in this case that, under the First Amendment, the Plaintiffs (and the public generally) enjoy a

2

presumptive right of access to docket sheets. The Plaintiffs claim that the docket sheets are not within the scope of any sealing orders that exist in the Level 1 and Level 2 cases. The Plaintiffs further allege that, in entering any sealing orders in the Level 1 and Level 2 cases, the courts failed to satisfy the constitutional requirements for such orders, including providing public notice of the motion to seal court files and making specific findings of fact that the parties' interest in keeping the docket sheet confidential overrides the public's right of access.

### B.     Defendants' Defenses

The Defendants assert that they do not have the authority in their administrative capacities to overturn orders issued by the judges of the superior court, and that the Second Circuit Court has recognized that they do not have that authority. The Defendants further assert that docket summaries constitute part of the court file, and that to the extent that the Plaintiffs seek docket summaries or other documents from files that have been sealed judicially or by operation of law, the Defendants are without authority to provide the docket sheets or other documents. The Defendants further assert that the complaint and intervening complaint fail to state claims for which relief can be granted, that Plaintiffs' claims are time barred, and that the court lacks jurisdiction over the subject matter.

## IV.    Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts not in dispute. The parties state that the following material facts are undisputed:

1.    The defendant William J. Sullivan, Chief Justice, is the Chief Justice for the State of Connecticut.

DJK/32401/2/703913v1
12/06/04-HRT/

2. Pursuant to Connecticut General Statute §51-1b, Sullivan is responsible for the administration of the Judicial Department and required to appoint a chief court administrator.

3. The defendant Joseph Pellegrino, Chief Court Administrator, was appointed Chief Court Administrator for the State of Connecticut pursuant to Connecticut General Statutes §51-1b.

4. Pellegrino's duties and authority as Chief Court Administrator are defined and limited by Connecticut General Statutes §51-5a.

5. A practice existed pursuant to which certain cases were designated as "Level 1," which was to be used when a case was statutorily sealed or when the entire file was ordered sealed by the court. In those cases that were sealed at Level 1, the practice was to keep the matter confidential and not to release or disclose any information to the public, including the docket number and case caption.

6. A practice existed pursuant to which certain cases were designated as "Level 2," which level was to be used when the court ordered the file sealed (all documents) but allowed for the disclosure of the docket number and case caption.

7. The practice of giving certain cases a Level 1 or Level 2 sealing designation is reflected in memoranda dated June 12, 2000 from Judith Stanulis, Civil Court Manager, to Trial Court Administrators and Judicial District Chief Clerks.

## V. Case Management Plan

### A. Standing Order on Scheduling in Civil Cases

The Parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases. In particular, they suggest that the parties first engage in written discovery. The Plaintiffs anticipate that they will request, amongst other things, production of docket sheets and

{W1341221;2}4

sealing orders. The Defendants anticipate that they will object to such discovery on the grounds, *inter alia*, that the Defendant Administrators derive their authority from statute, and that they do not have the authority to overturn orders issued by superior court judges or to open statutorily sealed files. The Court will then rule on those objections in the context of a motion to compel. Depending upon the Court's resolution of the motion to compel, or the court's resolution of other possible motions related to the motion to compel, additional discovery may or may not be necessary. Deadlines for the completion of such additional discovery, for dispositive motions and for the submission of a joint trial memorandum will be established after the Court rules on the motion to compel or other related motion. The parties recognize that agreement to recommend that discovery be conducted in stages is not a waiver by any of the parties of their right to object to the initial discovery or to any additional discovery.

**B.    Scheduling Conference With the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.    Early Settlement Conference**

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.    The parties do not request an early settlement conference.

3.    The Plaintiffs prefer a settlement conference with the presiding judge. The Defendants agree to a settlement conference before the presiding judge or a magistrate judge.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

DJK/32401/2/703913v1
12/06/04-HRT/

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiffs do not intend to file motions to join additional parties or to amend the pleadings.

2. Defendants do not anticipate filing motions to join additional parties. Defendants have filed their answers to the complaint and the intervening complaint.

### E. Discovery

1. The parties anticipate that discovery will be sought on the following subjects:

The plaintiffs anticipate filing the following written discovery:

   a. For each Level 1 and Level 2 case, Plaintiffs will seek the production of the docket sheets and sealing orders.

   b. Plaintiffs may seek discovery regarding whether particular sealing orders were entered judicially or administratively.

   c. For each Level 1 case, Plaintiffs will seek discovery of the docket number, the judicial district in which the case resides and the name of the judge who entered any sealing order.

As set forth above, The Defendants anticipate that they will object to such discovery on the grounds, *inter alia*, that the Defendants derive their authority from statute; that their statutory authority does not allow them to overturn orders issued by superior court judges or to open statutorily sealed files; and that their statutory authority does not allow them to produce documents, including docket summaries, from files that have been sealed by superior court judges or by statute.

2. Written discovery will be commenced no sooner than two weeks after the entry of a scheduling order by the Court pursuant to Fed. R. Civ. P. 16(b), or by January 15, 2005, whichever date is later. Each party shall file any objections to the opposing party's discovery

DJK/32401/2/703913v1
12/06/04-HRT/

requests within 30 days after the filing of said requests, or by February 15, 2005, whichever is later.

3. Discovery will be conducted in phases. After the Court rules on the Defendants' objections to the Plaintiffs' discovery requests and the anticipated motion to compel or related motion, or at some other time as determined to be appropriate by the Court and the parties, the parties will submit to the Court a proposed schedule for the conclusion of any additional discovery, if necessary. The parties do not waive their right to object to the initial or any additional discovery.

4. Because discovery will be conducted in phases, there is no completion date required for early discovery.

5. The parties will not know whether they will seek any depositions of fact witnesses until after the Court rules on motions or objections addressed to the initial discovery requests. Neither party waives its rights to object to any depositions.

6. The parties do not request permission to serve more than twenty-five (25) interrogatories.

7. The parties will not know whether any expert witness depositions will be required until after the Court rules on motions or objections to the initial discovery requests.

8. The parties will confer to set a deadline for any damages analyses after the Court rules on the motions or objections to the initial discovery requests.

DJK/32401/2/703913v1
12/06/04-HRT/

### F. Dispositive Motions

Dispositive motions may be filed at any time. A deadline for dispositive motions will be established as set forth in section 7 above.

### G. Joint Trial Memorandum

The parties will propose a deadline for the submission of the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases after the Court rules on any objections or motions addressed to the initial discovery requests.

## VI. Trial Readiness

To be determined.

PLAINTIFFS

By *Ralph Elliot / wsFish*   Dated: January 13, 2005
Ralph G. Elliot
Federal Bar No. 04242
Tyler Cooper & Alcorn
One CityPlace – 35th Floor
Hartford, CT 06103
Tel.: (860) 725-6200
Fax: (860) 278-3802
(for The Hartford Courant)

By *Daniel J. Klau*
Daniel J. Klau
Federal Bar No. ct17957
Pepe & Hazard LLP
Goodwin Square, 225 Asylum St.
Hartford, CT 06103-4302
Tel.: (860) 241-2627
Fax: (860) 522-2796
(for The Connecticut Law Tribune)

DEFENDANTS


By_____/s/ Maureen Danehy Cox_____
    Maureen Danehy Cox
    Carmody & Torrance
    PO Box 1110
    50 Leavenworth St
    Waterbury, Connecticut 06721-1110
    Tel.: (203) 573-1200
    Fax: (203) 575-2600

DJK/32401/2/703913v1
12/06/04-HRT/