UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

===================================x
| | |
|---|---|
| The Hartford Courant Company | Civil Action No. |
| | 3:03CV 0313 (RNC) |
| Plaintiff, | |
| | |
| American Lawyer Media, Inc. | |
| d/b/a The Connecticut Law Tribune | |
| | |
| Intervening Plaintiff, | |
| | |
| v. | |
| | |
| Joseph Pellegrino, | |
| Chief Court Administrator, and | |
| William J. Sullivan, Chief Justice, | |
| | |
| Defendant. | MARCH 10, 2005 |
===================================x

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.    INTRODUCTION**

The defendants, Joseph Pellegrino, Chief Court Administrator, and William J. Sullivan, Chief Justice (hereinafter the "Administrators" or the "defendants"), have consistently asserted throughout this litigation that they do not have the authority in their administrative capacities to overturn orders issued by other judges or to open

{W1344644;3}

statutorily sealed files. The Second Circuit Court of Appeals agreed with the Administrators' position, ruling that "...neither the Chief Court Administrator nor the Chief Justice are vested, in their administrative capacity, with the authority to overturn orders issued by other judges or to open statutorily sealed files. They are, therefore, not able to provide relief to the plaintiffs insofar as that relief would require them to grant access to documents that are sealed by statute or judicial order." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 97 (2d Cir., 2004).

Judge Aaron Ment conducted a review of the forty-two (42) cases that are filed at the "Level 1" status and provided his findings to this court for its *in camera* review. The defendants assert that the court has the information necessary to determine the existence of judicial sealing orders in the Level 1 cases and the scope of those orders as a matter of law. Therefore, the defendants move for summary judgment in their favor on the complaints insofar as they relate to the Level 1 cases.

## II. RELEVANT PROCEDURAL HISTORY AND UNDISPUTED FACTS

This matter comes before this court on remand from the United States Court of Appeals for the Second Circuit. See Hartford Courant Co. v. Pellegrino, 380 F.3d 83 (2d. Cir., 2004). Plaintiffs, The Hartford Courant Company and American Lawyer Media, Inc. d/b/a The Connecticut Law Tribune, appealed the ruling of the district

{W1344644;3}

2

CARMODY & TORRANCE LLP  
Attorneys at Law

50 Leavenworth Street  
Post Office Box 1110  
Waterbury, CT 06721-1110  
Telephone: 203 573-1200

court (Goettel, J.) dismissing plaintiffs' complaints. The Second Circuit found that there is a qualified right of access to court files and docket sheets, id. at 96, but held that neither defendant was vested, in his administrative capacity, with the authority to overturn orders issued by other judges or to open statutorily sealed files, id. at 97. The Court noted that it was unable to determine on the basis of the then-current record whether the docket sheets were sealed pursuant to judicial or statutory authorization, and therefore vacated the judgment of dismissal and remanded the case to the district court. Id. at 102.

By telephone conference on September 22, 2004, this court ordered the defendants to provide the court, for its *in camera* review, with either a sealing order or a docket sheet for each of the Level 1 cases. Defendants' Local Rule 56(a)1 statement at 1. Judge Aaron Ment reviewed each of the Level 1 cases at issue and provided the court with the results of his review. Id. at 2. The court has acknowledged that the defendants have complied with its September 22, 2004 order. Id. at 3.[1]

---

[1] Responding to the intervening counsel's inquiry regarding whether the defendants complied with the court's order that it be provided with either a sealing order or a docket sheet, this court stated:
    The Court: "I think that the defendants have complied with the order. Certainly there is substantial compliance there. I have received copies of orders. And Judge Ment has also given me a form in the nature of a checklist, one might say, that provides other information. But I do think that they have complied, if that answers your question."
    Mr. Klau: "I guess it does."
Tr. at p. 20-21.

{W1344644;3}

3

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

### III. ARGUMENT

#### A. Legal standard for motion for summary judgment.

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "If the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof at trial, then summary judgment is appropriate." Broughton v. Connecticut Student Loan Foundation, 64 F. Supp. 2d. 64, 67 (D. Conn. 1999) (*citing* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). In evaluating a motion for summary judgment, a court must resolve all ambiguities and draw all inferences in favor of the nonmoving party. Id. The existence of some alleged factual disputes between the parties will not preclude summary judgment. Id. Rather, there must be a genuine issue of a material fact in order to defeat summary judgment. Id. The substantive law at issue identifies the material facts. Id. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. (*quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)).

{W1344644;3}

4

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

**B.     The existence and scope of judicial orders present issues of law.**

The Second Circuit Court of Appeals remanded this case for the purpose, *inter alia*, of determining whether judicial sealing orders exist for the cases at issue. The defendants have complied with this court's order that it be provided with a judicial sealing order or a docket sheet for each of the Level 1 cases. 56(a)1 Statement at 3. As such, the court has the information necessary to determine as a matter of law whether a judicial sealing order exists.

Further, it is apparently undisputed that the interpretation of a sealing order presents an issue of law. Indeed, at the most recent conference before this court, the attorney for the intervening plaintiff, Connecticut Law Tribune, considered the issue of whether the scope of a sealing order is a question of law or fact, and stated, "I think this is a question of law for the court to decide what the order meant when it used the term 'seal the file.'" Id. at 4.

This court agreed: "I have explained why I believe the Second Circuit did not contemplate the kind of open and shut approach that is suggested by [Mr. Elliot's] comments. Certainly we do not interrogate judges about their thought processes or their intent in entering decisions or orders. We are obliged to construe them as a matter of law, as Mr. Klau rightly points out." Tr. at p.29.

CARMODY & TORRANCE LLP      50 Leavenworth Street
Attorneys at Law            Post Office Box 1110
                            Waterbury, CT 06721-1110
                            Telephone: 203 573-1200

Thereafter, in an October 25, 2004 letter to the court, counsel for the Hartford Courant, writing on behalf of all plaintiffs, stated, "the intent of a judge in entering a sealing order should be determined from the language of the sealing order itself." 56(1) Statement at 5.

That the scope of a judicial order presents a matter of law is supported by caselaw. As the Connecticut Appellate Court stated:

> "It is a fact of appellate life that appellate courts are frequently called upon to interpret, as a matter of law, judgments and orders written and initially interpreted by trial courts.... Because the construction of a judgment is a matter of law, subject to de novo appellate review, we have held that '[o]ur inquiry in interpreting the meaning of judgments is limited to that which is either expressed or implied clearly....[T]he testimony of the judge who presided over the dissolution proceedings regarding his intent in entering the orders could not be considered in construing the dissolution judgment and [the trial court] properly excluded that testimony on this point.'"

Sheehan v. Balasic, 46 Conn. App. 327, 333 n. 4 (Conn. App. 1997), quoting Emerick v. Emerick, 28 Conn. App. 794, 806 (Conn. App. 1992).

At the October 13, 2004 status conference, the court asked:

> "If we have a judicial order that contemplates the sealing of the entire file without explicitly mentioning the docket sheet, do the defendants have the authority to produce that docket sheet? Or would that contravene a judicial order?" Tr. at p. 5.

Common sense and logic dictate that such disclosure would contravene the judicial order.

{W1344644;3}

6

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

As this court noted at the October 13, 2004 conference, the Second Circuit Court did not state that docket sheets could never be sealed or that docket sheets would not be encompassed in a sealing order unless the sealing order explicitly referred to the docket sheet. <u>Id</u>., pp. 29-30. As the following will demonstrate, a claim that a judicial order sealing an entire file does not seal the docket summary is illogical and defies common sense.

First, an argument that an order stating that an entire file is sealed does not seal the docket summary would mean that any other document in the file that was not specifically mentioned in the sealing order would not be protected. Under that scenario, if the judge did not specifically state in his or her order sealing a file that "the answer is sealed" or "the motion for summary judgment is sealed", those documents would not be protected from disclosure. Such a result would be contrary to the clear language and intent of the sealing order.

Second, if one were to accept an argument that in order to seal an entire file, a sealing order would have to expressly list every single motion or document that appears in the file, every time a new pleading was filed in a case that had been sealed in its entirety, the judge would have to go back, review the new pleading, conduct an

{W1344644;3}  7

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

additional hearing on the new pleading, and expressly order that the new pleading be sealed.

The most logical, most succinct, and the most efficient way to seal a complete file is to state: "The file is sealed." It is illogical to assume that such a succinct and all-inclusive order means something other than what it says.

Finally, plaintiffs may argue that the fact that the judicial branch keeps a separate computer record of documents that have been filed somehow undoes a judicial sealing order. It is illogical and unreasonable to believe that one could defeat a judicial order sealing an entire file by walking to a different part of the courthouse to view the computer entries of that sealed file. That the sealed material is contained in several media does not change the fact that the material is sealed, and providing that information from an alternate source would still contravene that judicial order.

## IV.    CONCLUSION

The court has before it the necessary materials to determine, as a matter of law, whether the Level 1 cases were sealed by judicial order and whether those orders include, expressly or by implication, the docket sheets. Therefore, the defendants request that the Court enter judgment in their favor on the Level 1 cases.

{W1344644;3}

8

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Case 3:03-cv-00313-RNC   Document 53-2   Filed 03/11/2005   Page 9 of 10

THE DEFENDANTS,

BY /s/ Maureen Danehy Cox
Maureen Danehy Cox
Federal Bar # ct05499
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: (203) 573-1200
Fax: (203) 575-2600
Email: mcox@carmodylaw.com

{W1344644;3}                    9

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

## **CERTIFICATION OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served on the following counsel of record by first class mail, postage prepaid this 10th day of March, 2005.

Paul Guggina, Esq.
Tyler Cooper & Alcorn
CityPlace 1 – 35th Floor
185 Asylum Street
Hartford, CT  06103-3488
Phone:  860 725-6200
Fax:  860 278-3802

Daniel J. Klau, Esq.
Pepe & Hazard
225 Asylum Street
Hartford, CT  06103

_____
Maureen Danehy Cox

CARMODY & TORRANCE LLP      50 Leavenworth Street
Attorneys at Law                          Post Office Box 1110
                                          Waterbury, CT 06721-1110
                                          Telephone: 203 573-1200