UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HARTFORD COURANT COMPANY | CIVIL ACTION NO. 3:03CV0313 (RNC) |
| Plaintiff, | |
| AMERICAN LAWYER MEDIA, INC. d/b/a THE CONNECTICUT LAW TRIBUNE | |
| Intervening Plaintiff, | |
| v. | |
| JOSEPH PELLEGRINO CHIEF COURT ADMINISTRATOR and WILLIAM J. SULLIVAN, CHIEF JUSTICE | |
| Defendants. | APRIL 4, 2005 |

**PLAINTIFFS' MOTION TO DENY PARTIAL
SUMMARY JUDGMENT OR GRANT CONTINUANCE**

Plaintiffs The Hartford Courant Company and American Lawyer Media, Inc. d/b/a The Connecticut Law Tribune hereby move pursuant to Rule 56(f) of the Federal Rules of Civil Procedure for an Order denying Defendants' Motion for Summary Judgment, or, in the alternative, granting a continuance to allow plaintiffs to conduct discovery. The grounds for the Motion are set forth in the accompanying Memorandum of Law and the Declaration of Stephanie S. Abrutyn.

WHEREFORE, plaintiffs respectfully request that the Court GRANT their Motion and provide such relief as under the circumstances may be just and appropriate.

April 4, 2005

PLAINTIFF,

THE HARTFORD COURANT COMPANY

By: _____
Paul Guggina, Esq.
Federal Bar No. ct23409
Tyler Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103-3488
Tel: (860) 725-6200
Fax: (860) 278-3802
pguggina@tylercooper.com

Of Counsel:
Stephanie S. Abrutyn, Esq.
Tribune Company
Law Department
220 E. 42nd Street – Suite 400
New York, NY 10017
Tel: (212) 210-2885
Fax: (212) 210-2883

and

INTERVENING PLAINTIFF,

AMERICAN LAWYER MEDIA, INC. d/b/a THE CONNECTICUT LAW TRIBUNE

By: /s/ Daniel J. Klau
Daniel J. Klau
Federal Bar No. ct17957
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. (860) 522-5175
Fax: (860) 522-2796
dklau@pepehazard.com

Of Counsel:
Robert Feinberg, Esq.
Deputy General Counsel
American Lawyer Media, Inc.
345 Park Avenue South
New York, New York 10010
Tel. 212.592.4944
Fax. 212.592.4900

## CERTIFICATION

THIS IS TO CERTIFY THAT a copy of the foregoing was mailed via first class mail, postage prepaid, this 4th day of April, 2005, to:

>Maureen Danehy Cox, Esq.
>Carmody & Torrance LLP
>50 Leavenworth Street
>P.O. Box 1110
>Waterbury, CT 06721-1110
>Counsel for Defendants

By_____
Daniel J. Klau
Federal Bar No. ct17957

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD COURANT COMPANY | : | CIVIL ACTION NO. 3:03CV0313 (RNC) |
| Plaintiff, | : | |
| AMERICAN LAWYER MEDIA, INC. d/b/a THE CONNECTICUT LAW TRIBUNE | : | |
| Intervening Plaintiff, | : | |
| v. | : | |
| JOSEPH PELLEGRINO, CHIEF COURT ADMINISTRATOR and WILLIAM J. SULLIVAN, CHIEF JUSTICE | : | |
| Defendants. | : | APRIL 4, 2005 |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DENY PARTIAL SUMMARY JUDGMENT OR GRANT A CONTINUANCE

Pursuant to Federal Rule of Civil Procedure 56(f), plaintiff The Hartford Courant Company, and intervening plaintiff American Lawyer Media, Inc. d/b/a The Connecticut Law Tribune (together, "plaintiffs"), respectfully request the Court to deny defendants' premature motion for partial summary judgment, or alternatively grant a continuance of the motion until after defendants provide discovery that is essential for a proper resolution of that motion. Plaintiffs cannot meaningfully oppose defendants' motion without knowing any of the operative facts on which it is based, and should not fairly be required to do so.

## BACKGROUND

Through this action plaintiffs seek, *inter alia,* to enforce the public's constitutional right to inspect court docket sheets, a right the Court of Appeals has expressly recognized. Plaintiffs require declaratory and injunctive relief against Joseph Pellegrino, Connecticut's Chief Court Administrator, and Chief Justice William J. Sullivan (together, the "defendants"), in their administrative capacities, due to their refusal to disclose dockets in cases that they say have been designated as so-called "Level 1" and "Level 2" sealed cases.

The "Level 1" designation is used by clerks when "a case is statutorily sealed or when the entire file is ordered sealed by the court." June 12, 2000 Memorandum from Civil Court Manager Judith D. Stanulis to the Trial Court Administrators and the Judicial District Chief Clerks (the "Stanulis Memo") at A-1 (Exhibit A to the Declaration of Stephanie S. Abrutyn ("Abrutyn Decl.")). In such cases, the clerk treats the matter as "confidential and no information is to be released or disclosed to the public, including the docket number and case caption." *Id.*[1]

On appeal from the initial dismissal of their complaint, the United States Court of Appeals for the Second Circuit held that (a) plaintiffs, and the public generally, do indeed enjoy a constitutional right to inspect court dockets, and (b) defendants at a minimum have authority to release dockets designated by the clerks as Level 1 and Level 2, where there is no court order or statute that *explicitly* directs a clerk to seal the docket itself. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96, 98 (2d Cir. 2004).

This case is before the Court on remand to resolve, *inter alia*, on a case-by-case basis whether judicial orders or statutory authority exists in each "Level 1" and "Level 2" case that

---

[1] The "Level 2" designation "is to be used when the court orders the file sealed (all documents) but allows the disclosure of the docket number and case caption." Stanulis Memo at A-2.

2

purports to preclude defendants from disclosing the docket sheet, and if so, whether any information in the docket can otherwise be disclosed by these defendants. *See id.* at 98.

Before providing any discovery, defendants have moved for partial summary judgment with respect to 42 "Level 1" cases. Defendants base their motion on the results of a review of the 42 cases conducted, at their request, by Judge Aaron Ment—a judge who had himself been involved in the creation of the system of designations he was asked by defendants to review. Because the results of this review have been provided to the Court, but not to plaintiffs, defendants contend that the Court can determine as a matter of law "the existence of judicial sealing orders in the Level 1 cases and the scope of those orders." Defs.' Mem. at 2. Defendants do not elaborate in their motion how the material presented to the Court establishes the existence of 42 orders, how the orders supposedly mandate the sealing of docket sheets, or what they contend to be the scope of any of the orders.

Plaintiffs have timely requested disclosure of the terms of the purported orders requiring sealing of the dockets in the cases designated "Level 1" and "Level 2" by the clerks. Defendants have yet to respond to the discovery requests, but have suggested that they will be resisted. (Abrutyn Decl. ¶ 9 and Ex. D.) Disclosure of the language used in each order is essential to plaintiffs' ability to respond in any meaningful way to the pending motion. The Court should therefore deny the request for partial summary judgment, or grant a continuance until defendants have provided the basic disclosures required for plaintiffs to respond.

## ARGUMENT

## DEFENDANTS' MOTION SHOULD BE DENIED OR DELAYED

Defendants' motion for partial summary judgment is plainly premature, and should be denied or delayed pursuant to Fed. R. Civ. P. 56(f). "When a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer the decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Commercial Cleaning Services, L.L.C. v. Colin Service Systems, Inc.*, 271 F.3d 374, 386 (2d Cir. 2001) (citations omitted). Such is the case here.

### A.  Defendants' Motion Raises Genuine Issues of Fact

The controlling issue presented by defendants' motion for partial summary judgment is inherently a factual one: whether in each of the 42 so-called Level 1 cases an order exists that unambiguously directs the court clerk to withhold the docket sheet itself from public inspection. If not, defendants must release the docket sheet; if so, further factual questions about the scope of the order and the information it purports to seal will need to be taken up. As the Second Circuit observed, "[a]mong the questions to be resolved on remand is whether any orders explicitly seal docket sheets." *Pellegrino*, 380 F.3d at 98.

To be able to address this threshold issue, plaintiffs are entitled, at a minimum, to know the actual language that defendants are contending constitutes the docket-sealing mandate in each of the 42 cases. For example, in some instances the motion seems to be premised on the contention (Defs.' Mem. at 7) that a judicial order sealing the "entire file" would necessarily seal the docket sheet as well, a contention the Second Circuit has rejected. *See Pellegrino*, 380 F.3d at 98 ("to be resolved on remand is whether any orders *explicitly* seal docket sheets") (emphasis

4

added); *see also id.* at 93 (noting that docket sheets are a distinct "index to judicial proceedings and documents" separate from the materials in the file).[2] To respond in any meaningful way to such arguments, plaintiffs must know the specific language defendants find controlling.

This is particularly so given the information plaintiffs have obtained suggesting that parties to sealed cases have understood that clerks held the discretion to make or change the Level 1 and Level 2 designations. *See* Abrutyn Decl., Ex. B. To be able to respond to the motion, therefore, plaintiffs in fairness must be provided the actual language of the orders allegedly requiring both the Level 1 and Level 2 designations. Differences in the language construed by a clerk to define a case as "Level 1" rather than "Level 2" will be germane to defendants' contentions concerning the scope of secrecy supposedly ordered in the 42 cases subject to the present motion.

Knowing the specific language supposedly mandating the sealing of dockets in Level 1 and Level 2 cases is so essential to a proper resolution of the motion that it is entirely premature for defendants to have advanced their request for summary judgment before providing *any* discovery. Defendants establish no reason why the purported orders cannot be provided to

---

[2] Defendants' arguments flowing from their reading of the unadorned term "file" is also inconsistent with the use of that term generally in Connecticut practice. *See, e.g.*, State of Connecticut, Judicial Branch, Frequently Asked Questions concerning Court Records (available online at www.jud.state.ct.us/faq/courtrec.html) ("What does the term 'court file' mean? The term, court file, refers to the official record of the court and includes all the pleadings, exhibits, orders and word for word testimony that took place during the trial."); Conn. Prac. Book Sec. 4-3 (2005) (stating that clerk shall endorse all papers "and make a like entry upon the *clerk's docket* and *the file*) (emphasis added); Conn. Prac. Book Sec. 7-1 (titled "Dockets; Clerk's Records") (stating that clerk "shall keep a record of all pending cases" and that "*duplicates* of these records shall be kept with the original file in the case") (emphasis added); Conn. Prac. Book Sec. 7-2 (stating that clerk shall "make and keep dockets of causes therein"); Conn. Prac. Book Sec. 14-4 (stating that clerk "shall maintain and have available for inspection . . . a record concerning each civil case and administrative appeal"); Conn. Prac. Book Sec. 24-7 (titled "What Constitutes File") (small claims) ("The file shall consist of the small claims writ and notice of suit, documents relating to the service of the writ, allowable pleadings and motions, and documents relating to postjudgment proceedings."). *Compare* Conn. Prac. Book Sec. 79-2 (Appeals in Juvenile Matters) (listing individuals to automatically receive copy of notice of appeal *and docket sheet*) *with* Sec. 79-3 (providing that "[t]he records and papers of any juvenile matter shall be open for inspection only to counsel of record and to others having a proper interest therein only upon order of the court").

5

plaintiffs with limited redactions, and at a minimum must make available the operative language of each of the orders before summary judgment can possibly be litigated.[3]

**B.      Plaintiffs' Efforts to Obtain the Needed Facts**

Plaintiffs have not yet had the opportunity to discover the facts that would justify their opposition to this motion. Pursuant to the schedule approved by the Court, plaintiffs served their initial discovery requests on March 21, 2005. *See* Abrutyn Decl. ¶ 8. These discovery requests, *inter alia*, asked defendants to:

- Set forth *verbatim* the operative language of each order that defendants contend requires the docket sheet in a case to be sealed (Interrog. Nos. 4a, 5a);
- Produce any documents concerning such orders or their implementation (Doc. Req. Nos. 1, 2); and
- Identify the judges who have entered these orders, and the date of each order (Interrog. Nos. 1d, 2).

*See* Pls.' First Set of Interrogs. and Reqs. for Production (Abrutyn Decl., Ex. C). Plaintiffs also have requested copies of the actual orders allegedly sealing each Level 1 and Level 2 case, and seek to inspect the materials submitted to the Court for *in camera* review. *Id.* Defendants have not yet responded to these discovery requests, although they have previously indicated that they intend to resist them. (Abrutyn Decl. ¶ 9 and Ex. D).

In these circumstances, the motion for partial summary judgment should not go forward. Plaintiffs have not been delinquent in any respect in pursuing the necessary discovery; defendants' motion is simply premature. *See Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995) (holding that summary judgment was premature where plaintiff submitted Rule

---

[3] Of course, if any explicit orders are actually found to exist, additional disclosure will then be needed to determine the circumstances surrounding the entry of the order. This information would be essential to the determination of whether any given order was entered in a manner so patently unconstitutional that the order itself can have no binding effect on these defendants. This issue need not be addressed, however, until defendants establish the existence of explicit orders, as the Second Circuit has directed.

56(f) request for discovery to oppose defendant's motion for summary judgment); *Hellstrom v. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("The nonmoving party must have had the opportunity to discover information that is essential to [its] opposition to the motion for summary judgment. Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.") (internal quotation marks and citation omitted). *See also Pellegrino*, 380 F.3d at 98 (remanding this case on grounds that "district court apparently dismissed the action before plaintiffs had conducted discovery").

## CONCLUSION

For each and all the foregoing reasons, and the reasons set forth in the accompanying Declaration of Stephanie S. Abrutyn, plaintiffs respectfully request the Court to deny defendants' motion for partial summary judgment or, in the alternative, order a continuance until defendants have provided discovery of the facts essential to plaintiffs' opposition.

April 4, 2005

PLAINTIFF,

THE HARTFORD
COURANT COMPANY

By: _____
Paul Guggina, Esq.
Federal Bar No. ct23409
Tyler Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103-3488
Tel: (860) 725-6200
Fax: (860) 278-3802
pguggina@tylercooper.com

*Of Counsel:*
Stephanie S. Abrutyn
Tribune Company
220 E. 42d Street, Suite 400
New York, NY 10017
Tel: (212) 210-2885
Fax: (212) 210-2883

and

        INTERVENING PLAINTIFF,

        AMERICAN LAWYER MEDIA,
        INC. d/b/a THE CONNECTICUT
        LAW TRIBUNE

        By_____
        Daniel J. Klau
        Federal Bar No. ct17957
        Pepe & Hazard LLP
        Goodwin Square
        225 Asylum Street
        Hartford, CT  06103
        Tel. (860) 522-5175
        Fax: (860) 522-2796
        dklau@pepehazard.com

Of *Counsel:*
Robert Feinberg, Esq.
Deputy General Counsel
American Lawyer Media, Inc.
345 Park Avenue South
New York, New York 10010
Tel. 212.592.4944
Fax. 212.592.4900

8

## **CERTIFICATION**

THIS IS TO CERTIFY THAT a copy of the foregoing was mailed via first class mail, postage prepaid, this 4th day of April, 2005, to:

>Maureen Danehy Cox, Esq.
>Carmody & Torrance LLP
>50 Leavenworth Street
>P.O. Box 1110
>Waterbury, CT 06721-1110
>Counsel for Defendants

By _____
Daniel J. Klau
Federal Bar No. ct17957