## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD COURANT COMPANY | : | CIVIL ACTION NO. 3:03CV0313 (RNC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| AMERICAN LAWYER MEDIA, INC. d/b/a THE CONNECTICUT LAW TRIBUNE | : | |
| | : | |
| Intervening Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH PELLEGRINO, CHIEF COURT ADMINISTRATOR and WILLIAM J. SULLIVAN, CHIEF JUSTICE | : | |
| | : | |
| Defendants. | : | APRIL 4, 2005 |

### DECLARATION OF STEPHANIE S. ABRUTYN

I, Stephanie S. Abrutyn, declare:

1.    I am an attorney with Tribune Company, the parent of plaintiff The Hartford

Courant Company (the "Courant"), and I have worked on this case with the Courant's former

lead counsel, Ralph Elliott, from its inception. Pursuant to Federal Rule of Civil Procedure

56(f), I submit this declaration on behalf of both the Courant and intervening plaintiff, American

Lawyer Media, Inc. d/b/a The Connecticut Law Tribune (together, the "plaintiffs"), to show that

plaintiffs cannot meaningfully oppose defendants' motion for partial summary judgment at this

time, because defendants have not yet provided discovery of facts in their sole possession that

are essential to plaintiffs' opposition. I have personal knowledge of the facts stated herein.

**BACKGROUND**

2.      In this action, plaintiffs seek, *inter alia,* to enforce the public's constitutional right

to inspect the dockets of cases pending before the courts of Connecticut. Defendants Joseph

Pellegrino, Connecticut's Chief Court Administrator, and Chief Justice William J. Sullivan have

refused to disclose dockets in cases designated by clerks of the Superior Court as so-called

"Level 1" and "Level 2" sealed cases. The June 12, 2000 Memorandum from Civil Court

Manager Judith D. Stanulis to the Trial Court Administrators and the Judicial District Chief

Clerks (the "Stanulis Memo") defining these categories and explaining the designations to court

clerks is attached hereto as Exhibit A.

3.      On appeal from the initial dismissal of their complaint, the United States Court of

Appeals for the Second Circuit held that (a) plaintiffs, and the public generally, do indeed enjoy

a constitutional right to inspect court dockets, and (b) defendants have authority to release

dockets designated by the clerks as Level 1 and Level 2, at least where there is no court order or

statute that explicitly directs a clerk to seal the docket as well as the case file. This case is before

the Court on remand to resolve, *inter alia*, on a case-by-case basis whether a specific judicial

order exists in each "Level 1" and "Level 2" case that purports to preclude defendants

specifically from disclosing docket sheets, and if so, whether any information in the docket can

otherwise be disclosed by these defendants.

4.      Defendants have moved for partial summary judgment with respect to 42 "Level 1"

cases only. Defendants' position is that the Court has before it, *in camera*, sufficient facts to

determine as a matter of law "the existence of judicial sealing orders in the Level 1 cases and the

scope of those orders." Defs.' Mem. at 2. Defendants base this argument entirely on the results

of a confidential review of the files of the 42 cases conducted, at their request, by Judge Aaron

2

Ment. The results of this review have not been shared with plaintiffs, and defendants' motion does not elaborate on how the material presented to the Court establishes the existence of 42 orders, how those purported orders mandate the clerks to seal docket sheets, or how they have determined the true scope of any such order.

## DEFENDANTS' MOTION RAISES GENUINE ISSUES OF FACT

5.    Defendants' motion presents a critical factual issue: whether in each of the 42 "Level 1" cases an order exists that unambiguously directs the court clerk to withhold the docket sheet from public inspection. To be able to address this threshold issue, plaintiffs need to know, at a minimum, the actual language that defendants are contending constitutes a mandate to seal the docket sheet in each of the 42 cases. There is no reason why defendants cannot produce to plaintiffs the sealing orders, with limited redactions of any names that would identify the cases to which the orders apply.

6.    Disclosure of the operative terms of each sealing order is not only critical to construing the meaning of the language used, it will also reveal the extent, if any, to which clerks have used their own discretion in designating cases as "Level 1" or "Level 2." Plaintiffs are aware of at least one formerly sealed case, involving the divorce of the President of the University of Connecticut, where counsel to the parties were under the impression that the clerk had discretion in designating the case as Level 1 or Level 2. *See* Letter from Elliot J. Nerenberg, Esq. to Krista Hess, Case Flow Office, dated May 1, 2001 in *Austin v. Austin*, FA 01-0727000-S (Conn. Super. Ct.) (attached hereto as Exhibit B).

3

## PLAINTIFFS' EFFORTS TO OBTAIN THE NEEDED FACTS

7.      Plaintiffs have not had the opportunity to discover facts that would justify their opposition to this motion. Plaintiffs served their initial discovery demands on March 21, 2005, but defendants have not yet provided any response, and their time to do so has not yet run.

8.      On March 21, 2005, plaintiffs timely served upon defendants their initial written interrogatories and document requests. These discovery requests, *inter alia*, asked defendants to:

- Set forth *verbatim* the operative language of each order that defendants contend requires the docket sheet in a case to be sealed;

- Produce any documents concerning such orders or their implementation; and

- Identify the judges who have entered these orders, and the date of each order.

*See* Pls.' First Set of Int. and Req. for Production (attached hereto as Exhibit C). Plaintiffs also asked to receive copies of the actual orders allegedly sealing Level 1 cases, and to inspect the materials submitted to the Court for *in camera* review.

9.      Defendants' responses are due on or before April 25, 2005. To date, plaintiffs have not received any discovery responses from defendants. Defendants have previously indicated, however, that they intend to object to plaintiffs' discovery requests. *See* Report of Parties' Planning Meeting at 4-5, 6 (attached hereto as Exhibit D).

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed by me this ___ day April, 2005.

Stephanie S. Abrutyn

4

# EXHIBIT A



> MS-2000-19
> Supplement to
> MS-96-10
> and
> MS-2000-18

JUDICIAL BRANCH
COURT OPERATIONS DIVISION
225 Spring Street
Wethersfield, CT 06109
Telephone: (860) 563-9435 x 305
Fax: (860) 563-8134

Technical Assistance Unit

Email: Judith.Stanulis@jud.state.ct.us

June 12, 2000

MEMO TO:   Trial Court Administrators
           Judicial District Chief Clerks
           Geographical Area Clerks
           Clerks for Housing Matters

FROM:      Judith D. Stanulis
           Court Manager, Civil



PROCEDURE FOR PROCESSING SEALED FILES OR
SEALED DOCUMENTS

In addition to the data entry requirements for the Judicial District Chief Clerks that were outlined in MS-2000-18, the following instructions are to be followed by all clerks for sealed files or sealed documents. Attached are charts outlining the procedure at a glance for each court. Due to the variations in each court location, these instructions are the minimum requirements for processing sealed files. You may, however, add additional safeguards or precautions if you so choose. One chief clerk suggested that rubber stamps with the imprint "LEVEL 1," "LEVEL 2" and "LEVEL 3" be ordered to stamp on the outside of the file as an additional measure. This is not a requirement, but if you would like to add this to your procedure, feel free to order what you need.

The three levels of sealing were developed for the CV/FA system, but in order to be consistent when discussing sealed files, it is important that all courts use the same terminology. An explanation for each level is outlined below.

The Guide to Court Information In Connecticut also contains more information on the Sealing of Court Records beginning on page 3.

If you have any questions concerning the following, do not hesitate to contact me.

## LEVEL 1

## Procedure

When a case is sealed by the court at <u>Level 1 (Level C)</u>, no information, including the docket number and case caption, is to be disclosed. The orange sealed file/document sticker (JD-CL-65) is to be placed on the outside of the court file. The clerk is to mark the sticker with the level of sealing and the date the file was sealed.

For the JD locations (civil/family), do not write in the level of sealing on the sticker until it has been entered in the CV/FA system. This will be the indication that the sealing information was entered using the JDCS transaction.

In addition, the file is to be placed in an envelope and the outside is to be marked with the following information:

> Docket number;
> Case caption;
> Time and date of order to seal;
> Name of judge issuing order to seal;
> Whether there is a deadline after which disclosure may be made without a court order; and
> Name of person sealing the file.

DO NOT ALLOW A CASE SEALED UNDER THIS LEVEL TO PRINT ON A SHORT CALENDAR LIST OR ANY TYPE OF ASSIGNMENT LIST. Individual notices must be sent to counsel of record/pro se parties. See MS-2000-18 for additional information and instructions.

### Filing of Pleadings

It is suggested that, when a file is ordered sealed at a <u>Level 1</u> status, the judge ordering the sealing also order the attorneys/pro se parties to indicate "Case Sealed - Level 1" in bold type on the front page of any document subsequently filed. With this indicator, especially for the JD courts (civil/family) that code from the document without pulling the file, <u>Level 1</u> cases will not be scheduled inadvertently on a short calendar list.

### Daybooks

If Daybooks are reviewed by the public, it is also necessary to protect the confidentiality of the files that are sealed at <u>Level 1</u>. It is suggested that a photocopy of the original Daybook page be made and the docket number and name of the case redacted. In the redacted space, add "Level 1 file." Place the photocopy in the Daybook binder and the original Daybook sheet in a secure location, such as the safe. Depending upon how many <u>Level 1</u> sealed files you may have, you may want to store these original Daybook sheets in a binder labeled Level 1 Sealed Files or in an accordion folder labeled appropriately.

### Index Cards

If index cards are perused by the public, it is necessary to pull the cards out and place them with the Daybook original sheets. There is no need to replace them with substitute cards.

## LEVEL 2

### Procedure

When a case is sealed by the court at <u>Level 2 (Level S)</u>, the docket number and case caption may be disclosed, but nothing more. The orange sealed file/document sticker (JD-CL-65) is to be placed on the outside of the court file. The clerk is to mark the sticker with the level of sealing and date the file was sealed.

For the JD locations (civil/family), do not write in the level of sealing on the sticker until it has been entered in the CV/FA system. This will be the indication that the sealing information was entered using the JDCS transaction.

In addition, the file is to be placed in an envelope and the outside is to be marked with the following information:

> Docket number;
> Case caption;
> Time and date of order to seal;
> Name of judge issuing order to seal;
> Whether there is a deadline after which disclosure may be made without a court order; and
> Name of person sealing the file.

The above procedure for placing the file in an envelope <u>is not required</u> for F81 (Acknowledgement of Paternity) and F86 (Agreement to Support) cases.

No other special handling is required when a matter is sealed at <u>Level 2</u>. Any matter that prints on a civil/family short calendar list will reflect "motion sealed." For manually typed calendars, do not list the actual title of the motion scheduled. See MS-2000-18 for additional details.

## UNSEALING FILES AT LEVEL 1 OR LEVEL 2

If a sealed file is subsequently opened, the sealed flap area must note:

> The name of the person who opened the seal;
> When it was opened;
> Why it was opened;
> Whether it was opened due to expiration of the time or by a judge's order.

See MS-2000-18 for additional information on unsealing in the CV/FA system.  For criminal or housing matters, record the order of the court unsealing the file on the information sheet (CR) or docket sheet (housing).

## LEVEL 3

### Procedure

When a document, motion, or pleading is sealed by the court at <u>Level 3 (Level M)</u>, the remaining contents of the file may be disclosed; only the sealed item is confidential.  The orange sealed file/document sticker (JD-CL-65) is to be placed on the outside of the court file. The clerk is to mark the sticker with the level of sealing and date the document was sealed.

For the JD locations (civil/family), do not write in the level of sealing on the sticker until it has been entered in the CV/FA system.  This will be the indication that the sealing information was entered using the JDCS transaction.

In addition, the document is to be placed in an envelope and the outside is to be marked with the following information:

> Docket number;
> Case caption;
> Time and date of order to seal;
> Name of judge issuing order to seal;
> Whether there is a deadline after which disclosure may be made without a court order; and
> Name of person sealing the document.

See MS-2000-18 for additional information on sealing documents in the CV/FA system.

### Reviewing Court File by the Public

If a request is made to review a file by someone who is not the attorney of record or a party to the action, the envelope containing the sealed item is to be removed before giving the file to the reviewer.

### Unsealing Documents

If a sealed item is subsequently opened, the sealed flap area must note:

> The name of the person who opened the seal;
> When it was opened;
> Why it was opened;
> Whether it was opened due to expiration of the time or by a judge's order.

4

If the sealed document is stored apart from the existing file, the file should be cross-referenced to reflect the missing item.

## STRIPPING AND SEGREGATING DISPOSED CRIMINAL/MOTOR VEHICLE FILES (GA and JD)

If a criminal or motor vehicle file is disposed of and the court has not unsealed the file or the portion thereof, the clerk is to strip the file accordingly and keep the sealed contents or entire file in an envelope with the orange sealed file/document sticker visible indicating what is sealed. For destruction purposes, the entire file is to be placed with the appropriate grouping of disposed files and sent to Records Center. For example, if a case was ordered sealed and is disposed of by conviction, the file, even though sealed, would still be placed with the disclosable files.

## OTHER ISSUES

Some other issues have been raised regarding sealed file procedures. I will address them briefly. If you have specific questions about them, do not hesitate to contact me.

### Memorandum of Decision to Reporter of Judicial Decisions

Please be reminded that when a case has been sealed by the court at a Level 1 or Level 2, any memorandum of decision is not to be sent to the Reporter. Only if the case has been unsealed is it to be sent to the Reporter.

### Judicial Performance Evaluation Program

There is no restriction on sending the questionnaire out for the Judicial Performance Evaluation Program. Follow the normal procedures.

### Appellate Court Files

When a file or a document is sealed in the trial court, please be sure that this fact is made clear to the Appellate Court when sending the two complete copies. If a sealed document is sent to the Appellate Court, be sure that document is in an envelope marked accordingly or if the entire file is sealed that it be placed in an envelope marked accordingly with the orange sealed file sticker.

Enclosed for your information are copies of previously issued memos regarding sealed files or documents that have been supplemented by MS-2000-18 and MS-2000-19.

For Judicial District locations, sometime in the future, JIS will produce monthly reports of civil/family cases that are sealed at the various levels and they will be delivered with your regular monthly reports.

Please be sure that all appropriate staff members are informed of these procedures.

# CRIMINAL MATTERS
## (GEOGRAPHICAL AREA AND JUDICIAL DISTRICT)

### PROCEDURE FOR
### PROCESSING SEALED FILES AND
### FILES CONTAINING SEALED DOCUMENTS

## LEVEL 1

| Step | Action |
|---|---|
| 1 | Court orders file sealed at Level 1 (no disclosure including docket number and case caption). |
| 2 | Clerk places the orange sealed file/document sticker (JD–CL-65) on cover of file. |
| 3 | Clerk fills out sticker with appropriate information including the level of sealing. |
| 4 | Clerk places file in an envelope and marks the outside of the envelope with:<br>Docket Number;<br>Case caption;<br>Time and date of order to seal;<br>Name of judge issuing order to seal;<br>Whether there is a deadline after which disclosure may be made without a court order; and<br>Name of person sealing the file. |
| 5 | Clerk pulls original Daybook sheet where case is listed; makes photocopy; redacts information; places original sheet in secure location and places photocopy with "Level 1 file" in place of original case # and name in Daybook. |

## LEVEL 2

| Step | Action |
|---|---|
| 1 | Court orders file sealed at Level 2 (disclosure of docket number and case caption only). |
| 2 | Clerk places the orange sealed file/document sticker (JD–CL-65) on cover of file. |
| 3 | Clerk fills out sticker with appropriate information including the level of sealing. |
| 4 | Clerk places file in an envelope and marks the outside of the envelope with:<br>Docket Number;<br>Case caption;<br>Time and date of order to seal;<br>Name of judge issuing order to seal;<br>Whether there is a deadline after which disclosure may be made without a court order; and<br>Name of person sealing the file. |

## LEVEL 3

| Step | Action |
|---|---|
| 1 | Court orders document sealed (Level 3) in file. |
| 2 | Clerk places the orange sealed file/document sticker (JD–CL-65) on cover of file. |
| 3 | Clerk fills out sticker with appropriate information including the level of sealing. |
| 4 | Clerk places document in an envelope and marks the outside of the envelope with:<br>Docket Number;<br>Case caption;<br>Time and date of order to seal;<br>Name of judge issuing order to seal;<br>Whether there is a deadline after which disclosure may be made without a court order; and<br>Name of person sealing document. |



# HOUSING MATTERS
## (GEOGRAPHICAL AREA AND HOUSING SESSIONS)

### PROCEDURE FOR
### PROCESSING SEALED FILES AND
### FILES CONTAINING SEALED DOCUMENTS

## LEVEL 1

| Step | Action |
|---|---|
| 1 | Court orders file sealed at Level 1 (no disclosure including docket number and case caption). |
| 2 | Clerk places the orange sealed file/document sticker (JD-CL-65) on cover of file. |
| 3 | Clerk fills out sticker with appropriate information including the level of sealing. |
| 4 | Clerk places file in an envelope and marks the outside of the envelope with:<br>    Docket Number;<br>    Case caption;<br>    Time and date of order to seal;<br>    Name of judge issuing order to seal;<br>    Whether there is a deadline after which disclosure may be made without a court order; and<br>    Name of person sealing the file. |
| 5 | Clerk pulls original Daybook sheet where case is listed; makes photocopy; redacts information; places original sheet in secure location and places photocopy with "Level 1 file" in place of original case # and name in Daybook. |
| 6 | Clerk pulls index cards and places them in a secure location. |

## LEVEL 2

| Step | Action |
|---|---|
| 1 | Court orders file sealed at Level 2 (disclosure of docket number and case caption only). |
| 2 | Clerk places the orange sealed file/document sticker (JD-CL-65) on cover of file. |
| 3 | Clerk fills out sticker with appropriate information including the level of sealing. |
| 4 | Clerk places file in an envelope and marks the outside of the envelope with:<br>    Docket Number;<br>    Case caption;<br>    Time and date of order to seal;<br>    Name of judge issuing order to seal;<br>    Whether there is a deadline after which disclosure may be made without a court order; and<br>    Name of person sealing the file. |

## LEVEL 3

| Step | Action |
|---|---|
| 1 | Court orders document sealed (Level 3) in file. |
| 2 | Clerk places the orange sealed file/document sticker (JD-CL-65) on cover of file. |
| 3 | Clerk fills out sticker with appropriate information including the level of sealing. |
| 4 | Clerk places document in an envelope and marks the outside of the envelope with:<br>    Docket Number;<br>    Case caption;<br>    Time and date of order to seal;<br>    Name of judge issuing order to seal;<br>    Whether there is a deadline after which disclosure may be made without a court order; and<br>    Name of person sealing document. |

# JUDICIAL DISTRICT
## PROCEDURE FOR
### PROCESSING SEALED FILES AND
### FILES CONTAINING SEALED DOCUMENTS

## LEVEL 1

| Step | Action |
|---|---|
| 1 | Court orders file sealed at Level 1 (no disclosure including docket number and case caption). |
| 2 | Clerk gives file to DTO. |
| 3 | DTO enters "C" in JDCS transaction of CV/FA system. |
| 4 | Clerk places the orange sealed file/document sticker (JD-CL-65) on cover of file. |
| 5 | Clerk fills out sticker with appropriate information including the level of sealing. |
| 6 | Clerk places file in an envelope and marks the outside of the envelope with: Docket Number; Case caption; Time and date of order to seal; Name of judge issuing order to seal; Whether there is a deadline after which disclosure may be made without a court order; and Name of person sealing the file. |
| 7 | Clerk pulls original Daybook sheet where case is listed; makes photocopy; redacts information; places original sheet in secure location and places photocopy with "Level 1 file" in place of original case # and name in Daybook. |
| 8 | Clerk pulls index cards and places them in a secure location. |

## LEVEL 2

| Step | Action |
|---|---|
| 1 | Court orders file sealed at Level 2 (disclosure of docket number and case caption only). |
| 2 | Clerk gives file to DTO. |
| 3 | DTO enters "S" in JDCS transaction of CV/FA system. |
| 4 | Clerk places the orange sealed file/document sticker (JD-CL-65) on cover of file. |
| 5 | Clerk fills out sticker with appropriate information including the level of sealing |
| 6 | Clerk places file in an envelope and marks the outside of the envelope with: Docket Number; Case caption; Time and date of order to seal; Name of judge issuing order to seal; Whether there is a deadline after which disclosure may be made without a court order; and Name of person sealing the file. |

## LEVEL 3

| Step | Action |
|---|---|
| 1 | Court orders document sealed (Level 3) in file. |
| 2 | Clerk gives file to DTO. |
| 3 | DTO enters "M" in JDCS transaction of CV/FA system along with entry number of document to be sealed. |
| 4 | Clerk places the orange sealed file/document sticker (JD-CL-65) on cover of file. |
| 5 | Clerk fills out sticker with appropriate information including the level of sealing. |
| 6 | Clerk places document in an envelope and marks the outside of the envelope with: Docket Number; Case caption; Time and date of order to seal; Name of judge issuing order to seal; Whether there is a deadline after which disclosure may be made without a court order; and Name of person sealing document. |

# EXHIBIT B

Robert D. Zaslow
Gerald R. Lublin
Of Counsel

May 1, 2001

**Sent via telecopier number: 548-2722**

Krista Hess, Caseflow Office
Superior Court
95 Washington Street
Drawer D, Station A
Hartford, CT 06106

    **RE:  AUSTIN VS. AUSTIN**
         **DOCKET NUMBER: FA 01-0727000-S**

Dear Krista,

Prior to filing this divorce action, Attorney Jacqueline Wilson, on behalf of Debra Ruel of her office, and I saw Judge Presley regarding the sealing of this file. We explained to Judge Presley the importance of having this file sealed from the public because the defendant husband is the President of University of Connecticut.

Attorney Wilson and I were under the impression that we wanted it sealed under a "Level Two" so that if somewhat put their name into the judicial department computer, it would not even show up as a file. Judge Presley allowed us to do so. When my associate, Robert Zaslow, filed the paperwork with you, we mistakenly told you that this was a "Level Two" sealed file rather than what we intended. We wanted the file sealed under a "Level One". Can you please change the sealing of this file to reflect a "Level One" and give us the code number that we will need in order to recognize court motions when they come up on the docket.

We both thank you in advance for your cooperation.

Very truly yours,

Eliot J. Nerenberg
EJN:lem

cc:  Attorney Debra Ruel
     Dr. Susan Austin

10 North Main Street, Suite 214, West Hartford, Connecticut 06107
Phone: (860) 232-4881 Fax: (860) 233-5478
Email: nerenberglaw@ron.com

1

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD COURANT | : | CIVIL ACTION NO. 3:03CV0313 (RNC) |
| COMPANY | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| AMERICAN LAWYER MEDIA, INC. | : | |
| d/b/a THE CONNECTICUT LAW | : | |
| TRIBUNE | : | |
| | : | |
|     Intervening Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. SULLIVAN, | : | |
| CHIEF JUSTICE and | : | |
| JOSEPH PELLEGRINO | : | |
| CHIEF COURT ADMINISTRATOR | : | |
| | : | |
|     Defendants. | : | MARCH 21, 2005 |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
### REQUESTS FOR PRODUCTION

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rule

26, the Plaintiffs propound the following interrogatories to the Defendants and request that they

produce the documents described below for inspection and copying at the offices of Tyler

Cooper & Alcorn, One CityPlace, Hartford, Connecticut, or at such other location as may be

mutually agreed, within 30 days hereof.

### DEFINITIONS

1.    The definitions set forth in Local Rule 26 are incorporated by reference herein.

2.    The terms "Level 1" and "Level 2" shall have the meanings set forth in the so-

called "Stanulis memorandum" dated June 12, 2000.

3.     The phrase "currently designated" means any case that, as of the date of these discovery requests, has been designated by the Judicial Branch of the State of Connecticut as either a "Level 1" or "Level 2" case, regardless of whether such case is pending or closed.

## INSTRUCTIONS

1.     In producing the documents called for by this request for production of documents, segregate those documents into separate folders or boxes (as appropriate) numbered to correspond to the section of the request calling for their production.

2.     If you do not respond to a section of the document request, in whole or in part, because of a claim of privilege, set forth the privilege claimed; identify the facts upon which you rely to support the claim of privilege; and identify all documents for which such privilege is claimed.    In particular, if you refuse to produce a document because of a claim of the attorney/client privilege, identify the author or other person who produced the document; the capacity in which that person was acting when he produced the document; all recipients of the document; and the subjects or topics discussed in the document.

3.     If you maintain that any document or record was, but is no longer, in existence, in your possession or subject to your control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily to others; or, (d) has been otherwise disposed of.  In each instance, set forth the contents of the document, the location of any copies of the document, and describe the circumstances surrounding its disposition, stating the date of its disposition, any authorization therefore, the person(s) responsible for such disposition, and the policy, rule, order or other authority by which such disposition was made.

4.    These requests shall be deemed to be continuing, such that if additional documents are located subsequent to your response hereto, those documents must be provided by you in a supplemental production.

5.    Each request must be answered with your entire knowledge, available from all sources, including all documents, things or information in your possession, custody, or control of your agents, partners, attorneys, employees or representatives, or otherwise available to you. If any request has sub-parts, then respond to each part separately and in full, and do not limit your response to the request as a whole.

6.    If any of the following requests cannot be responded to in full, then respond to the extent possible, specifying the reasons for your inability to respond to the remainder.

7.    If you object to any part of any request, then respond to all parts not objected to and state the precise nature of your objection to any part to which you did not respond. If, in responding to any of these requests, you assert or rely upon any privilege or other rule protracting against disclosure of a document, communication or other information, then specify the nature of such privilege or rule.

8.    Do not produce identical copies of the same document.

## INTERROGATORIES

1.    For each case currently designated as "Level 1," provide the following information:

a.    The docket number of the case;

b.    The names of the parties to the case;

c.    The judicial district in which the case resides;

d.    The name of the judge who entered any order that you contend forbids disclosure of the docket sheet, and the date of any such order;

e.     The name of the judge who entered any order that you contend requires the Level 1 designation of the case, and the date of such order; and

f.     State whether any order referenced in (d) or (e) above bears the signature of a judge, administrative personnel, or both; and

g.     Identify any documents concerning any order referenced in (d) or (e) above.

2.     For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), provide the name of the judge who entered any order that you contend requires the Level 2 designation and/or forbids the disclosure of the docket sheet.

3.     For any case that was formerly designated as "Level 1," but which no longer bears that designation:

a.     state the docket number of the case;

b.     state the names of the parties to the case; and

c.     set forth *verbatim* the operative language contained in any controlling order, (and any transcript, motion or other document concerning such order) that caused the case to be reclassified from level 1 to its current status.

4.     For each case currently designated as "Level 1," set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend:

a.     requires the docket number to be maintained under seal;

b.     requires the docket sheet to be maintained under seal;

c.     requires the names of the parties to be maintained under seal; and

d.     requires the name of the assigned judge to be maintained under seal.

5.     For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend:

a.     requires the docket sheet to be maintained under seal;

b.     requires the name of the assigned judge to be maintained under seal.

6.      Identify by name and judicial district each and every judge who has a case currently designated as "Level 1" pending before him or her, and in each such instance state the total number of "Level 1" cases pending before the judge.

7.      Identify by name and judicial district each and every judge who has a case currently designated as "Level 2" pending before him or her, and in each such instance state the total number of "Level 2" cases pending before the judge.

8.      Identify by title or description each report, summary, index or other document prepared within the Judicial Branch of the State of Connecticut that refers or relates to cases designated as either "Level 1" or "Level 2" cases.

## DOCUMENT REQUESTS

1.      For each case currently designated as "Level 1," please produce:

    a.      The docket sheet;

    b.      Each order that you contend forbids disclosure of the docket sheet, and any transcript, motion or other document concerning such order(s); and

    c.      Each order that you contend requires the Level 1 designation, and any transcript, motion or other document concerning such order(s).

2.      For each case currently designated as "Level 2" (excluding paternity acknowledgement and support cases), please produce:

    a.      The docket sheet;

    b.      Each order that you contend forbids disclosure of the docket sheet, and any transcript, motion or other document concerning such order(s); and

    c.      Each order that you contend requires the Level 2 designation, and any transcript, motion or other document concerning such order(s).

3.      Each document described on Exhibit A hereto as a "judicial sealing order."

4.      Each document described on Exhibit A as a "sticker placed on file."

5.      Each document produced to Judge Chatigny for *in camera* inspection on or about September 29, 2004.

6.   Each document produced to Judge Chatigny for *in camera* inspection on or about November 9, 2004

7    Each document reviewed, prepared and/or signed by Judge Aaron Ment and produced to Judge Chatigny in connection with this case.

8.   All reports, summaries, indices or other documents prepared within the Judicial Branch of the State of Connecticut that refer or relate to cases designated as either "Level 1" or "Level 2".

9.   All documents that you identified in response to any of the interrogatories propounded herein.

PLAINTIFF

THE HARTFORD COURANT COMPANY

By: 
   Paul Guggina, Esq.
   Federal Bar No. ct23409
   Tyler Cooper & Alcorn
   CityPlace – 35th Floor
   Hartford, CT 06103-3488
   Tel: (860) 725-6200
   Fax: (860) 278-3802
   pguggina@tylercooper.com

Of Counsel:
Stephanie S. Abrutyn, Esq.
Tribune Company
Law Department
220 E. 42nd Street – Suite 400
New York, NY 10017
Tel: (212) 210-2885
Fax: (212) 210-2883

and

DJK/32401/2/702335v1
03/21/05-HRT/

INTERVENING PLAINTIFF,

AMERICAN LAWYER MEDIA,
INC. d/b/a THE CONNECTICUT
LAW TRIBUNE

By:

Daniel J. Klau
Federal Bar No. ct17957
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT  06103
Tel. (860) 522-5175
Fax: (860) 522-2796
dklau@pepehazard.com

Sealed File Review
List of Cases Provided to Maureen Cox from Attorneys Elliot/Klau

| Docket Number | Case Name | Results |
|---|---|---|
| AAN CV000072224S | TIRELLA, LORRAINE VS OXFORD BOARD OF ED E | Judicial sealing order. |
| DBD CV030301423 | GRIEVANCE PANEL/JUDI VS FOSTER, JULIE IRENE | Judicial sealing order. |
| DBD CV930313787S | DAN, JUDICIAL DISTRIC VS GORDON, RICHARD M. | Judicial sealing order. |
| DBD CV960323864S | LYONS, ELAINE B. VS JEWISH FEDERATION E | File destroyed pursuant to P.B. §7-10. Sealing order information unavailable. |
| FBT CV000376685S | ST VINCENTS MEDICAL VS ALLEN JOEL MD | Judicial sealing order. |
| FBT CV010382697S | GRIEVANCE PANEL VS RUTKIN DAVID | Judicial sealing order. |
| FBT CV940315846S | RAUB LORI VS DREAM FACTORY E | Judicial order noted on sticker placed on file. |
| FBT CV940315847S | RAUB MICHAEL VS DREAM FACTORY E | Judicial order noted on sticker placed on file. |
| FBT FA020390728S | ROBAINA ANNE VS ROBAINA, ANTONIO | Judicial order noted on sticker placed on file. |
| FST CV010183844S | DOE, JASON VS CONN DEPT OF PUBLIC E | Judicial sealing order. Case removed to U.S. District Court. |
| FST CV980166534S | STAMFORD/NORWALK VS CLARKE, BENNETT | Judicial sealing order. |
| HHB CV000054745S | BAILEY, TERESE VS CT., COMM. DCF | Judicial sealing order. |
| HHB CV990439962S | HTFD BD OF EDUCATION VS CT BD OF ED E | File destroyed pursuant to P.B. §7-10. Sealing order information is still available. |
| HHD CV000599253S | A.S. BY HIS PARENT VS WEST HTFD BOARD/ED | Judicial sealing order, Case removed to U.S. District Court. |
| HHD CV028129025 | MCKEON, ALANA VS STATE OF CONNECTICUT | Judicial sealing order. |
| HHD CV950550021S | POE, PATRICIA VS FATHER DAVID DOE | Judicial sealing order. File sealed except as to memorandum of decision dated 8/17/00. |
| HHD CV950555221S | REED, PAULA VS ZIZKA, PETER | File destroyed pursuant to P.B. §7-10. Sealing order information is still available. |
| HHD CV950555222S | REYNOLDS, MICHELLE VS ZIZKA, PETER | File destroyed pursuant to P.B. §7-10. Sealing order information is still available. |
| HHD CV990588665 | CT PUBLIC HEALTH VS SILVER HILL HOSPITAL E | File destroyed pursuant to P.B. §7-10. Sealing order information is still available. |
| HHD FA950549486S | SHAY, ROSEMARY H. VS SHAY, JAMES W. | Judicial sealing order. |
| HHD FA980719718S | TROMBLEY, WILLIAM F VS TROMBLEY, JEAN R | Judicial sealing order. |
| HHD FA990721469S | ANDERSON, BARBARA L. VS ANDERSON, ARTHUR T. | Judicial sealing order. |
| KNO CV010234361S | PROCTOR, LANCE VS ELECTRIC BOAT CORP. | Document(s) sealed only. File is now available except as to sealed document(s). |
| KNO CV030126863S | WM W BACKUS HOSP VS HAKIM, SAFAA MD | Judicial sealing order. |
| NNH CV000445241S | DOE, JANE VS LEUBA, ROBERT C | Judicial sealing order. |
| NNH CV020460743S | HOLLAND, REBECCA E VS CONNECTICUT STATE OF | File destroyed pursuant to P.B. §7-10. Sealing order information unavailable. |
| NNH CV020462803S | DOE, JOHN VS WARDEN STATE PRISON | Judicial sealing order. |
| NNH CV970396326S | PASSARELLI, CAROL-ANN VS N. HAVEN BOARD OF ED | Judicial sealing order. |
| NNH FA020465308S | KEEFE, HUGH F VS KEEFE, DOROTHY | Judicial sealing order. |
| NNH FA880267094S | SCHIAVONE, ALLYN VS SCHIAVONE, JOEL | Judicial sealing order. |
| NNH FA930345982S | LEVIN, BRUCE VS LEVIN, ANN A | Judicial sealing order. |
| TSR CV000003191S | I.D., 22172A VS WARDEN | Judicial sealing order. |
| TSR CV020003759S | DOE VS WARDEN, STATE PRISON | Judicial sealing order. |
| UWY CV010167468S | ANDREWS, EMMA V VS THE HARTFORD ROMAN E | Judicial sealing order. |
| UWY FA980146058S | GOOGEL, CHRISTINE C. VS GOOGEL, JONATHAN | Judicial sealing order. |
| FST FA030192548S | BUCKLEY, CHRISTOPHER VS WOELFLE, IRINA | Judicial sealing order. |
| HHB FA950465441S | HAYMOND, SHARON A. VS HAYMOND, JOHN I. | Judicial sealing order. |
| HHD CV000598644S | CITY OF HARTFORD VS 1181 MAIN STREET LLCE | Document(s) sealed only, File is now available except as to sealed document(s). |
| HHD FA970714618S | TANCREDI, DEBRA VS TANCREDI, JAMES | Judicial sealing order. |
| HHD FA980719746S | SCHONBERGER, PAMELA VS SCHONBERGER, PHILIP | Judicial sealing order. |

## CERTIFICATION

I hereby certify that on this 21st day of March, 2005 a copy of the foregoing document was served by fax and by first class mail, postage prepaid, upon the following counsel of record:

> Maureen Danehy Cox, Esq.
> Carmody & Torrance
> PO Box 1110
> 50 Leavenworth St
> Waterbury, Connecticut 06721-1110
> Fax: (860) 575-2600

Daniel J. Klau

# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD COURANT COMPANY | : | CIVIL ACTION NO. 3:03CV0313 (RNC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| AMERICAN LAWYER MEDIA, INC. d/b/a THE CONNECTICUT LAW TRIBUNE | : | |
| | : | |
| Intervening Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH PELLEGRINO, CHIEF COURT ADMINISTRATOR and WILLIAM J. SULLIVAN, CHIEF JUSTICE | : | |
| | : | |
| Defendants. | : | JANUARY 13, 2005 |

## REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:**           February 21, 2003

**Date Complaint Served:**          February 21, 2003

**Date Intervening Complaint Filed:**     May 30, 2003

**Date of Defendant's Appearance:**     March 3, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the parties conferred by telephone on November 23, 2004 and on January 6, 2005. The participants were:

Ralph G. Elliot
Tyler Cooper & Alcorn
(for The Hartford Courant)

Daniel J. Klau
Pepe & Hazard LLP
(for The Connecticut Law Tribune)

Maureen Danehy Cox
Carmody & Torrance LLP
(for the Defendants)

## I.      Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed

the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have

developed the following proposed case management plan. Counsel further certify that they have

forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.      Subject Matter Jurisdiction

The plaintiffs claim subject matter jurisdiction predicated upon 28 U.S.C. § 1331 in that

this case arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983

and 1985.

### B.      Personal Jurisdiction

This Court has personal jurisdiction over the Defendants, both of whom reside in the state

of Connecticut.

## III.    Brief Description of Case

### A.      Claims of Plaintiffs

The Plaintiffs seek access to the docket sheets in Connecticut state court cases that have

been subject to so-called "Level 1" and "Level 2" sealing. The Second Circuit has held in this

case that, under the First Amendment, the Plaintiffs (and the public generally) enjoy a

2

presumptive right of access to docket sheets. The Plaintiffs claim that the docket sheets are not within the scope of any sealing orders that exist in the Level 1 and Level 2 cases. The Plaintiffs further allege that, in entering any sealing orders in the Level 1 and Level 2 cases, the courts failed to satisfy the constitutional requirements for such orders, including providing public notice of the motion to seal court files and making specific findings of fact that the parties' interest in keeping the docket sheet confidential overrides the public's right of access.

**B.    Defendants' Defenses**

The Defendants assert that they do not have the authority in their administrative capacities to overturn orders issued by the judges of the superior court, and that the Second Circuit Court has recognized that they do not have that authority. The Defendants further assert that docket summaries constitute part of the court file, and that to the extent that the Plaintiffs seek docket summaries or other documents from files that have been sealed judicially or by operation of law, the Defendants are without authority to provide the docket sheets or other documents. The Defendants further assert that the complaint and intervening complaint fail to state claims for which relief can be granted, that Plaintiffs' claims are time barred, and that the court lacks jurisdiction over the subject matter.

**IV.    Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts not in dispute. The parties state that the following material facts are undisputed:

1.    The defendant William J. Sullivan, Chief Justice, is the Chief Justice for the State of Connecticut.

3

2.      Pursuant to Connecticut General Statute §51-1b, Sullivan is responsible for the administration of the Judicial Department and required to appoint a chief court administrator.

3.      The defendant Joseph Pellegrino, Chief Court Administrator, was appointed Chief Court Administrator for the State of Connecticut pursuant to Connecticut General Statutes §51-1b.

4.      Pellegrino's duties and authority as Chief Court Administrator are defined and limited by Connecticut General Statutes §51-5a.

5.      A practice existed pursuant to which certain cases were designated as "Level 1," which was to be used when a case was statutorily sealed or when the entire file was ordered sealed by the court. In those cases that were sealed at Level 1, the practice was to keep the matter confidential and not to release or disclose any information to the public, including the docket number and case caption.

6.      A practice existed pursuant to which certain cases were designated as "Level 2," which level was to be used when the court ordered the file sealed (all documents) but allowed for the disclosure of the docket number and case caption.

7.      The practice of giving certain cases a Level 1 or Level 2 sealing designation is reflected in memoranda dated June 12, 2000 from Judith Stanulis, Civil Court Manager, to Trial Court Administrators and Judicial District Chief Clerks.

## V.      Case Management Plan

### A.      Standing Order on Scheduling in Civil Cases

The Parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases. In particular, they suggest that the parties first engage in written discovery. The Plaintiffs anticipate that they will request, amongst other things, production of docket sheets and

{W1341221;2}4

sealing orders. The Defendants anticipate that they will object to such discovery on the grounds,

*inter alia*, that the Defendant Administrators derive their authority from statute, and that they do

not have the authority to overturn orders issued by superior court judges or to open statutorily

sealed files. The Court will then rule on those objections in the context of a motion to compel.

Depending upon the Court's resolution of the motion to compel, or the court's resolution of other

possible motions related to the motion to compel, additional discovery may or may not be

necessary. Deadlines for the completion of such additional discovery, for dispositive motions

and for the submission of a joint trial memorandum will be established after the Court rules on

the motion to compel or other related motion. The parties recognize that agreement to

recommend that discovery be conducted in stages is not a waiver by any of the parties of their

right to object to the initial discovery or to any additional discovery.

**B.    Scheduling Conference With the Court**

The parties do not request a pretrial conference with the Court before entry of a

scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.    Early Settlement Conference**

1.    The parties certify that they have considered the desirability of attempting to settle

the case before undertaking significant discovery or motion practice. Settlement is unlikely at

this time.

2.    The parties do not request an early settlement conference.

3.    The Plaintiffs prefer a settlement conference with the presiding judge. The

Defendants agree to a settlement conference before the presiding judge or a magistrate judge.

4.    The parties do not request a referral for alternative dispute resolution pursuant to

D. Conn. L. Civ. R. 36.

5

**D.    Joinder of Parties and Amendment of Pleadings**

1.    Plaintiffs do not intend to file motions to join additional parties or to amend the

pleadings.

2.    Defendants do not anticipate filing motions to join additional parties. Defendants

have filed their answers to the complaint and the intervening complaint.

**E.    Discovery**

1.    The parties anticipate that discovery will be sought on the following subjects:

The plaintiffs anticipate filing the following written discovery:

a.    For each Level 1 and Level 2 case, Plaintiffs will seek the production of the docket sheets and sealing orders.

b.    Plaintiffs may seek discovery regarding whether particular sealing orders were entered judicially or administratively.

c.    For each Level 1 case, Plaintiffs will seek discovery of the docket number, the judicial district in which the case resides and the name of the judge who entered any sealing order.

As set forth above, The Defendants anticipate that they will object to such discovery on

the grounds, *inter alia*, that the Defendants derive their authority from statute; that their statutory

authority does not allow them to overturn orders issued by superior court judges or to open

statutorily sealed files; and that their statutory authority does not allow them to produce

documents, including docket summaries, from files that have been sealed by superior court

judges or by statute.

2.    Written discovery will be commenced no sooner than two weeks after the entry of

a scheduling order by the Court pursuant to Fed. R. Civ. P. 16(b), or by January 15, 2005,

whichever date is later. Each party shall file any objections to the opposing party's discovery

6

requests within 30 days after the filing of said requests, or by February 15, 2005, whichever is later.

3.    Discovery will be conducted in phases. After the Court rules on the Defendants' objections to the Plaintiffs' discovery requests and the anticipated motion to compel or related motion, or at some other time as determined to be appropriate by the Court and the parties, the parties will submit to the Court a proposed schedule for the conclusion of any additional discovery, if necessary. The parties do not waive their right to object to the initial or any additional discovery.

4.    Because discovery will be conducted in phases, there is no completion date required for early discovery.

5.    The parties will not know whether they will seek any depositions of fact witnesses until after the Court rules on motions or objections addressed to the initial discovery requests. Neither party waives its rights to object to any depositions.

6.    The parties do not request permission to serve more than twenty-five (25) interrogatories.

7.    The parties will not know whether any expert witness depositions will be required until after the Court rules on motions or objections to the initial discovery requests.

8.    The parties will confer to set a deadline for any damages analyses after the Court rules on the motions or objections to the initial discovery requests.

7

**F.    Dispositive Motions**

Dispositive motions may be filed at any time.  A deadline for dispositive motions will be established as set forth in section 7 above.

**G.    Joint Trial Memorandum**

The parties will propose a deadline for the submission of the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases after the Court rules on any objections or motions addressed to the initial discovery requests.

**VI.    Trial Readiness**

To be determined.

PLAINTIFFS

By _Ralph Elliot / wsFish_                          Dated: January 13, 2005

    Ralph G. Elliot
    Federal Bar No. 04242
    Tyler Cooper & Alcorn
    One CityPlace – 35th Floor
    Hartford, CT  06103
    Tel.:   (860) 725-6200
    Fax:   (860) 278-3802
    (for The Hartford Courant)

By _____

    Daniel J. Klau
    Federal Bar No. ct17957
    Pepe & Hazard LLP
    Goodwin Square, 225 Asylum St.
    Hartford, CT  06103-4302
    Tel.:  (860) 241-2627
    Fax:  (860) 522-2796
    (for The Connecticut Law Tribune)

8

DEFENDANTS

By _____

Maureen Danehy Cox
Carmody & Torrance
PO Box 1110
50 Leavenworth St
Waterbury, Connecticut 06721-1110
Tel.: (203) 573-1200
Fax:  (203) 575-2600

9