UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

==================================x
The Hartford Courant Company        :   Civil Action No.
                                    :   3:03CV 0313 (RNC)
    Plaintiff,                      :
                                    :
American Lawyer Media, Inc.         :
d/b/a The Connecticut Law Tribune   :
                                    :
    Intervening Plaintiff,          :
                                    :
v.                                  :
                                    :
Joseph Pellegrino,                  :
Chief Court Administrator, and      :
William J. Sullivan, Chief Justice, :
                                    :
    Defendants.                     :   APRIL 25, 2005
==================================x

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DENY
PARTIAL SUMMARY JUDGMENT OR GRANT CONTINUANCE**

**I.   INTRODUCTION**

Plaintiffs The Hartford Courant Company and American Lawyer Media, Inc. d/b/a The Connecticut Law Tribune have moved pursuant to Fed. Rule Civ. Proc 56(f) for an order denying defendants' motion for partial summary judgment or, in the alternative, granting a continuance to allow for discovery, based entirely upon plaintiffs' contention that defendants' motion is inherently factual and that discovery is required to collect and present facts to the court.

{N0730404}

With regard to the "Level 1" cases that are the subject of defendants' Motion for Partial Summary Judgment, the only relevant issues are whether there exist judicial sealing orders and whether those judicial orders seal the docket sheets. The court has the information necessary to decide these issues as a matter of law.

Plaintiffs do not appear to contest that sealing orders have been presented to the court for *in camera* review. Rather, in an attempt to avoid or delay the entry of partial summary judgment, plaintiffs seek to convert the interpretation of these sealing orders, which they previously conceded was an issue of law (see plaintiffs' statements set forth in Defendants' Memorandum in Support of Motion for Partial Summary Judgment at pages 5-6), into what they now claim is "inherently a factual [issue]." Plaintiffs' Memorandum at p. 4.

Because the discovery plaintiffs seek will not reveal anything germane to the issues presented on summary judgment that is not already known by the court, defendants' Motion for Partial Summary Judgment is ripe for adjudication. Accordingly, plaintiffs' Motion to Deny Partial Summary Judgment or Grant Continuance dated April 4, 2005 should be denied.

CARMODY & TORRANCE LLP  
Attorneys at Law  
50 Leavenworth Street  
Post Office Box 1110  
Waterbury, CT 06721-1110  
Telephone: 203 573-1200

### II. LAW AND ARGUMENT

#### A. Standard For Motion

Fed. R. Civ. Proc. 56(f) states that when it appears that a party opposing a motion for summary judgment "cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit…discovery to be had…." "[A] party seeking such discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Hudson River Sloop Clearwater v. Dept. of Navy, 891 F.2d 414, 422 (2d Cir. 1989), citing Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985).

Under the test established by Hudson River and its progeny, a party cannot gain delay under Rule 56(f) merely by claiming that it has not had an adequate opportunity to conduct discovery. Rather, the discovery sought must be sufficient to defeat the motion for summary judgment. Hudson River, supra. The court must be able to conclude that further discovery will yield proof that goes to the "nub of …[the] motion for summary judgment." Trebor

{N0730404}   3

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Sportswear Co. v. the Ltd. Stores, Inc., 865 F.2d 506, 512 (2d Cir. 1989). The discovery sought must be reasonably expected to create a "genuine issue of material fact" such that would "require a jury or judge to resolve the parties' differing versions of the truth at trial." First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968). Plaintiffs cannot make this showing.

### B. The Discovery Plaintiffs Seek, Even If It Were Obtainable, Would Not Create a Genuine Issue of Material Fact.

The crux and fallacy of plaintiffs' argument is contained in the Declaration of Stephanie S. Abrutyn wherein she attempts to support the need for additional discovery:

> "Defendants' motion presents a critical factual issue: whether in each of the 42 'Level 1' cases an order exists that unambiguously directs the court clerk to withhold the docket sheet from public inspection. To be able to address this threshold issue, plaintiffs need to know, at a minimum, the actual language that defendants are contending constitutes a mandate to seal the docket sheets in each of the 42 cases. There is no reason why defendants cannot produce to plaintiffs the sealing orders, with limited redactions of any names that would identify the cases to which the orders apply."

Declaration, ¶5. Contrary to Ms. Abrutyn's assertion, the interpretation of the sealing orders is a legal one, not a factual one as plaintiffs now claim. Further

{N0730404}  4

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

there is a very good reason why the Chief Court Administrator and the Chief Justice cannot produce the sealing orders.

The Second Circuit has specifically held that "neither the Chief Court Administrator nor the Chief Justice are vested, in their administrative capacity, with the authority to overturn orders issued by other judges or to open statutorily sealed files. They are, therefore, not able to provide relief to the plaintiffs insofar as that relief would require them to grant access to documents that are sealed by statute or judicial order." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 97 (2d Cir. 2004). The defendants have asked the court to determine, as a matter of law, whether the sealing orders provided for *in camera* review constitute parts of files that have been judicially sealed. If so, these defendants are without authority to overturn those sealing orders.

The primary question posited by the Second Circuit is "whether any documents actually were sealed pursuant to judicial orders or statutes such that the defendants' administrative authority would preclude them from allowing the plaintiffs access to those documents in contravention of judicial or statutory directives." Hartford Courant, 380 F.3d at 98. At least for the forty-two (42) "Level 1" cases at issue, that question can be answered "yes" or "no" on the record before the court without the need for extraneous evidence.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

The cases cited by the plaintiffs in support of their supposed need for additional discovery, <u>Meloff v. New York Life Ins. Co.</u>, 51 F.3d 372 (2d Cir. 1995) and <u>Hellstrom v. U.S. Dept. of Veteran's Affairs</u>, 201 F.3d 94 (2d Cir. 2000), both deal with the attempts by the party opposing summary judgment to ascertain the motivation of the defendant. In <u>Meloff</u>, plaintiff claimed she had no opportunity to explore the motivations and reasoning for terminating her employment to support her allegation of gender discrimination. <u>Meloff</u>, 51 F.3d at 374. Likewise, in <u>Hellstrom</u>, plaintiff asserted that discovery was necessary to determine the motivations for his employer's decision to demote him in order to demonstrate that its proffered reason was pretextual. <u>Hellstrom</u>, 201 F.3d at 97-98. Contrary to the assertions in plaintiffs' Declaration, there are no such subjective factors at issue in the instant Motion for Partial Summary Judgment.

In <u>Hudson River Sloop Clearwater v. Dept. of Navy</u>, 891 F.2d 414, 422 (2d Cir. 1989), the plaintiffs claimed that the Navy had failed to consider the presence of nuclear weapons in an Environmental Impact Statement filed in connection with a proposed new port. The Navy, asserting that it was not required to reveal information about nuclear weaponry, moved for partial summary judgment. Plaintiffs filed a motion under Fed. Rule Civ. Proc. 56(f)

{N0730404}                                6

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

seeking time for discovery about whether the Navy was going to deploy nuclear weapons. The district court granted the Navy's motion and denied plaintiffs' Rule 56(f) request. The Second Circuit affirmed, noting that any official statements regarding the possible deployment of nuclear weapons would be obtainable outside discovery, and that the unofficial statements that the plaintiffs sought through discovery would have been insufficient to defeat summary judgment. <u>Hudson</u>, 891 F.2d at 421. Here, too, any discovery that plaintiffs are seeking would be insufficient to defeat summary judgment on these issues of law, and the case is ready for partial adjudication.

### C. Conjecture Regarding Discretion Exercised by Clerks Is Irrelevant When the Court Has Been Provided With the Sealing Orders.

Defendants' Motion for Partial Summary Judgment rests solely upon this court's review and construction of the sealing orders presented to it. Plaintiffs' contention that clerks may have utilized their own discretion in designating cases as "Level 1" or "Level 2" is both puzzling and unsupported by the example cited. Abrutyn Declaration at ¶6. The documents already provided to this court for *in camera* review will be dispositive of whether the cases were sealed "pursuant to judicial orders or statutes...." <u>Hartford</u>

{N0730404}                                            7

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Courant, 380 F.3d at 97. It is axiomatic that if a file were designated as "Level 1" or "Level 2" in the discretion of a clerk, there would be no judicial order.

Further, the letter attached as Exhibit B to the Declaration[1] as supposed evidence of the possibility that a clerk had discretion in designating a case as "Level 1" or "Level 2" clearly indicates that the sealing of that particular file was done pursuant to judicial order. Plaintiffs fail to point out the notation on the face of the letter: "Per Gruendel, J. – seal file @ Level 1." Rather than support the proposition that files may be sealed through a clerk's discretion, this "exhibit" indicates that the sealing of files has been accomplished pursuant to the specific order of a judge.

### III.   **CONCLUSION**

The additional discovery that plaintiffs seek would not provide this court with any information necessary to decide the motion for partial summary judgment. Therefore, defendants respectfully request that plaintiffs' Motion to Deny Partial Summary Judgment or Grant Continuance be denied.

---

[1] The Declaration does not provide a foundation for the letter nor the handwritten notation on its face. In addition, defendants are at a loss to understand how the impressions of individual counsel, who apparently do not work for the judicial department, are in any way relevant to discerning whether any particular file was sealed pursuant to judicial order or statute.

{N0730404}    8

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

THE DEFENDANTS,

BY _____
Maureen Danehy Cox
Federal Bar # ct05499
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: (203) 573-1200
Fax: (203) 575-2600
Email: mcox@carmodylaw.com

{N0730404}                    9

## **CERTIFICATION OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served on the following counsel of record by first class mail, postage prepaid this 25th day of April, 2005.

Paul Guggina, Esq.
Tyler Cooper & Alcorn
CityPlace I – 35th Floor
185 Asylum Street
Hartford, CT  06103-3488
Phone:  860 725-6200
Fax:  860 278-3802

Daniel J. Klau, Esq.
Pepe & Hazard
225 Asylum Street
Hartford, CT  06103
Phone:  860 522-5175
Fax: 860 522-2796

Jeannette M. Bead, Esq.
Levine Sullivan Koch & Schulz LLP-DC
1050 17th Street, NW
Suite 800
Washington, DC  20036
Phone:  202 508-1134
Fax: 202-861-9888

David A. Schulz, Esq.
Levine Sullivan Koch & Schulz LLP-NY
230 Park Avenue, Suite 1160
New York, NY  10169
Phone:  212 850-6103
Fax:  212 850-6299

_____
Maureen Danehy Cox

{N0730404}

10

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200