UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HARTFORD COURANT COMPANY | CIVIL ACTION NO. 3:03CV0313 (RNC) |
| Plaintiff, | |
| AMERICAN LAWYER MEDIA, INC. d/b/a THE CONNECTICUT LAW TRIBUNE | |
| Intervening Plaintiff, | |
| v. | |
| JOSEPH PELLEGRINO, CHIEF COURT ADMINISTRATOR and WILLIAM J. SULLIVAN, CHIEF JUSTICE | |
| Defendants. | |

### REPLY DECLARATION OF STEPHANIE S. ABRUTYN

I, Stephanie S. Abrutyn, declare:

1. I am an attorney with Tribune Company, parent of plaintiff The Hartford Courant Company (the "Courant), and I previously submitted a Rule 56(f) declaration in support of plaintiffs' joint motion to deny or continue defendants' request for partial summary judgment. I submit this brief reply to put before the Court documents further supporting plaintiffs' motion. These documents were provided to plaintiffs only after their response to defendants' summary judgment was due, and therefore were not available at the time the motion was filed.

2. On April 20, 2005, six weeks after filing their motion for partial summary judgment, defendants first produced their responses to plaintiffs' discovery requests. While largely objecting to discovery, defendants did produce some documents. Those documents,

however, raise further questions about the circumstances surrounding the entry of orders in cases designated as "Level 1," and the extent to which the procedures required before entry of such sealing orders were actually followed.

3. Attached hereto as Exhibit A are three pages of documents produced by defendants that exemplify some of the issues presented. These particular documents relate to *Harrison v. Harrison*, No. 02-0461715 (Conn. Super. Ct., New Haven), a case that was at one point designated as "Level 1," but no longer bears that designation. The first page in Exhibit A reflects that the *Harrison* file was unsealed on September 27, 2004. The second and third pages appear to constitute a copy of the file jacket. On information and belief, the second page includes a clerk's notation concerning the date and time of the entry of the order to seal the file that resulted in the "Level 1" designation. The notation states only: "11/26/02 In Chambers."

4. These documents suggest that an order sealing the case that was construed by the clerk as requiring "Level 1" treatment was entered orally in proceedings conducted "In Chambers." This designation provides no explicit statement from the court that the docket sheet should be sealed or that Level 1 treatment was required. Moreover, the notation reflects none of the findings of fact constitutionally required to seal a file. And, if entered in chambers, the oral order was obviously entered with no public hearing.

5. These documents also demonstrate that further discovery is necessary before any ruling is made on the actual scope of the sealing orders in the 42 cases still considered to require Level 1 treatment. Knowing whether the orders were oral or written, the text of their operative language, the date and name of the judge entering the order, and other disclosable information, all will be germane to the issue presented by the pending request for partial summary judgment.

6.   Plaintiffs respectfully submit that the Court should deny or continue defendants' motion for partial summary judgment until after the Court determines the scope of discovery that must be provided and after that discovery is complete. Defendants' motion simply puts the cart before the horse, and should be rejected as premature.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed by me this 9th day of May, 2005.

_____
Stephanie S. Abrutyn

DOCKET #02-0461715                                          Superior Court
                                                            Judicial District of New Haven
                                                            At New Haven

HARRISON, JODI                                              09/27/04

    VS

HARRISON, MARK
                                    ORDER

The court vacates the previous Level 1 sealing of this file is vacated and this file is ordered unsealed and available to the public. As in accordance with the current practice the Financial Affidavits shall remain to be sealed.

(MUNRO, J)

*[signature]*
**COURTROOM CLERK II**

☐ **FAMILY SUPPORT MAGISTRATE FILE**

☐ **COMPLEX LITIGATION DOCKET**



NNHFA020461715S

HARRISON, JODI S    VS HARRISON, MARK I

☒ LEVEL 1 *(No Disclosure)*
☐ LEVEL 2 *(Disclosure of docket number and case caption only)*
☐ LEVEL 3 *(Individual document)* ENTRY NO. _____

DATE & TIME OF ORDER TO SEAL  11/26/02 In Chambers
EXPIRATION DATE OF SEALING ORDER _____
NAME OF JUDGE  Cawendel J.
NAME OF CLERK  T. Bartlett
JDCS TRANSACTION DATE *(If applicable)* _____

JD-CL-65 Rev. 6-00 P.B. §§ 11-20, 25-59, 42-49

12/6/02
x/c

☒ **JUDGMENT** ___
☐ **JUDGMENT O**
☐ **WITHDRAWN**
☐ **DISMISSED**
☐ **JUDGMENT S/**
☐ **APPEAL FILED**

☐ **EXHIBITS FILED** _____ *(Date)*
   **LOCATION** _____

☐ **FILES TRANSFERRED TO** _____ *(Date)*

D-CL-57 Rev. 12/2000




