## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD COURANT COMPANY | : | CIVIL ACTION NO. 3:03CV0313 (RNC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| AMERICAN LAWYER MEDIA, INC. d/b/a THE CONNECTICUT LAW TRIBUNE | : | |
| | : | |
| Intervening Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH PELLEGRINO, CHIEF COURT ADMINISTRATOR and WILLIAM J. SULLIVAN, CHIEF JUSTICE | : | |
| | : | |
| Defendants. | : | MAY 23, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

### PRELIMINARY STATEMENT

Through this action, plaintiffs seek to vindicate their First Amendment right of access to judicial records, including court dockets. The constitutional right to inspect docket sheets was forcefully articulated by the Second Circuit before it remanded this case with a direction that discovery should proceed to determine the nature and scope of relief that can properly be entered against defendants, the chief administrative officers of the courts of Connecticut.

Defendants are now resisting the very disclosures contemplated by the Court of Appeals—disclosures that are necessary if plaintiffs are meaningfully to exercise their established constitutional rights. On the one hand, defendants concede that Connecticut courts had allowed cases to be effectively erased from the public docket and conducted in secret as

alleged, *see* Report of Parties' Planning Mtg. at 4, Stat. of Undisputed Facts ¶ 5, and have also

acknowledged publicly that this secrecy violates the public's right of access to judicial records

and proceedings, *see, e.g.*, Christopher Keating, *Judges Propose Secrecy Changes; Cases Would

be Public, but Financial Affidavits Would be Sealed*, The Hartford Courant, Apr. 17, 2003, at A1.

On the other hand, defendants flatly refuse to provide information sought through discovery that

is needed to enable plaintiffs: (1) to ascertain the existence and scope of the sealing orders that

may have been entered; (2) to discover any of the circumstances under which the sealing orders

were entered, including when and by whom the orders were entered; or (3) to obtain other

information necessary to challenge the sealing orders themselves or fashion any appropriate

remedy here for the constitutional wrong that admittedly has occurred.

Having failed to obtain the needed discovery through negotiation with defendants,

plaintiffs respectfully seek an order compelling defendants to provide the information and

documents called for by Plaintiffs' First Set of Interrogatories and Requests for Production.

## NATURE OF THE CASE

This action arises out of the Connecticut state courts' practice of keeping secret the very

existence of cases pending in the courts and denying public access to certain court files.  The

Connecticut judiciary has acknowledged that such a practice is inconsistent with the public's and

the press' First Amendment right of access to judicial documents.  Although the judiciary has

adopted new court rules that ban the practice of administering justice in secret and put in place

safeguards to ensure that the public and the press have sufficient notice and a meaningful

opportunity to be heard before sealing orders are entered,[1] the cases that were sealed *before* the

---

[1] *See, e.g.*, Conn. Prac. Book Sec. 7-4A (2005) (requiring all cases filed in the superior court to be identified as existing in the records of the court); *id.* at Sec. 11-20A (setting forth procedures to be followed before court enters order sealing files or documents in civil cases)

adoption of these rules – the cases that are the subject of this action – remain shrouded in secrecy.

As documented in a June 12, 2000 memorandum, court clerks have designated certain cases before the superior courts as "Level 1," "Level 2" or "Level 3." June 12, 2000 Memorandum from Civil Court Manager Judith D. Stanulis to the Trial Court Administrators and the Judicial District Chief Clerks (the "Stanulis Memo") at A-2. The "Level 1" designation is used by clerks when "a case is statutorily sealed or when the entire file is ordered sealed by the court." *Id*. at A-1. In such cases, the clerk treats the matter as "confidential and no information is to be released or disclosed to the public, including the docket number and case caption." *Id*. The "Level 2" designation is used by the clerks when " the court orders the file sealed (all documents) but allows the disclosure of the docket number and case caption." *Id*. at A-2. Finally, in "Level 3" cases, only certain documents in the file are sealed; the remaining documents in the file are open to the public. *Id*.

Through this action, plaintiffs primarily seek to compel defendants to disclose the docket sheets in the so-called "Level 1" and "Level 2" cases. On appeal from the initial dismissal of their complaint, the United States Court of Appeals for the Second Circuit held that (a) plaintiffs, and the public generally, do indeed enjoy a constitutional right to inspect court dockets, and (b) defendants at a minimum have authority to release dockets designated by the clerks as Level 1 and Level 2, where there is no court order or statute *explicitly* directing a clerk to seal the docket itself. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96, 98 (2d Cir. 2004). This case is before the Court on remand to resolve, *inter alia*, on a case-by-case basis whether judicial orders or statutory authority exists in each "Level 1" and "Level 2" case that purports to preclude

defendants from disclosing the docket sheet, and if so, to determine what information can be disclosed by these defendants to allow a remedy for the wrong that has occurred. *See id.* at 98.

Despite the Second Circuit's clear admonition that dismissal was not warranted on the threadbare record before it, *id.*, defendants moved for partial summary judgment with respect to 42 "Level 1" cases, before providing *any* discovery at all. Defendants contend that documents provided to the Court, but not to plaintiffs, allow the Court to determine as a matter of law "the existence of judicial sealing orders in the Level 1 cases and the scope of those orders." Defs.' S. J. Mem. at 2.[2] In response, pursuant to Rule 56(f) plaintiffs requested the Court to deny defendants' motion or continue the action until plaintiffs are afforded the opportunity to conduct discovery.

Plaintiffs timely served their initial discovery requests (attached as Exhibit A) on March 21, 2005. Defendants served their written response (attached as Exhibit B) on April 20, 2005.[3] Defendants objected to the majority of the requests on the grounds that they seek "disclosure of information sealed by judicial order or effect of statute." *E.g.*, Defs.' Resp. to Int. Nos. 1, 2, 4-7; Defs.' Resp. to Doc. Req. Nos. 1-7.

By teleconference dated May 20, 2005, counsel for the parties conferred in good faith in an attempt to avoid the necessity of seeking this Court's intervention. Despite the parties' efforts, they have been unable to narrow the issues that must be resolved by this motion. Plaintiffs continue to assert that the information and documents they seek are material and

---

[2] Defendants base their motion on the results of a review of the 42 cases conducted, at their request, by Judge Aaron Ment—a judge who had himself been involved in the creation of the system of designations he was asked by defendants to review.

[3] Defendants also produced certain documents, most of which were internal court memoranda issued to or by clerks of court that refer or relate to "Level 1" and "Level 2" cases.

4

discoverable.  Defendants stand on their objections.  *See* Declaration of Daniel J. Klau, Esq.

¶¶ 4, 5.

## ARGUMENT

The following are the specific discovery requests at issue and the reasons why they

should be allowed:

**I.    Information and Documents Concerning the Existence, Scope and Entry of the Sealing Orders.**

**A.    Discovery Requests at Issue**

**Interrogatory No. 4**: For each case currently designated as "Level 1," set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend:  a. requires the docket number to be maintained under seal; b. requires the docket sheet to be maintained under seal; c. requires the names of the parties to be maintained under seal; and d. requires the name of the assigned judge to be maintained under seal.

**Interrogatory No. 5**: For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend: a. requires the docket sheet to be maintained under seal; b. requires the name of the assigned judge to be maintained under seal.[4]

**Doc. Req. No. 1:** For each case currently designated as "Level 1," please produce: a. The docket sheet; b. Each order that you contend forbids disclosure of the docket sheet, and any transcript, motion or other document concerning such order(s); and c. Each order that you contend requires the Level 1 designation, and any transcript, motion or other document concerning such order(s).

**Doc. Req. No. 2**: For each case currently designated as "Level 2" (excluding paternity acknowledgement and support cases), please produce: a. The docket sheet; b. Each order that you contend forbids disclosure of the docket sheet, and any transcript, motion or other document concerning such order(s); and c. Each order that you contend requires the Level 2 designation, and any transcript, motion or other document concerning such order(s).

---

[4] Defendants also refused to set forth verbatim the language in any controlling order causing a case to be reclassified from "Level 1" to "Level 2." *See* Defs.' Resp. to Int. No. 3(c).

**Doc. Req. No. 5**: Each document produced to Judge Chatigny for *in camera* inspection on or about September 29, 2004.

**Doc. Req. No. 6**: Each document produced to Judge Chatigny for *in camera* inspection on or about November 9, 2004

**Doc. Req. No. 7**: Each document reviewed, prepared and/or signed by Judge Aaron Ment and produced to Judge Chatigny in connection with this case.[5]

B.    **Reasons for Allowance**

These requests are designed to elicit information concerning key issues in this case, including: (1) whether the judicial orders in question explicitly prohibit defendants from disclosing the docket sheets; and (2) whether the judicial orders were entered under circumstances so patently unconstitutional that they can have no legal effect. For example, disclosure of the orders (or the controlling language of the orders) is necessary for plaintiffs even to be able to develop positions as to the meaning of the words used in them, to interpret the terms of the orders in light of the terms used in Connecticut practice, or to compare the language of the orders at issue to language used in orders *previously* construed by clerks as requiring Level 1 sealing, but made public once this lawsuit began. Likewise, documents concerning the circumstances under which the sealing orders were entered will reveal: (1) whether the sealing court made the requisite determination *on the record* that a compelling interest required sealing; (2) whether the court considered alternatives to sealing; and (3) whether the public was afforded notice and an opportunity to be heard.

Tellingly, defendants do not object to these discovery requests on the grounds of relevance. Rather, defendants object on the grounds that the requests seek "disclosure of

---

[5] Falling within this general category of documents are two additional requests relating to Judge Ment's review: Doc. Req. No. 3 (Each document described on Exhibit A hereto as a "judicial sealing order.") and Doc. Req. No. 4 (Each document described on Exhibit A as a "sticker placed on file.").

information sealed by judicial order or effect of statute." Defs.' Resp. to Int. Nos. 4, 5; Defs.' Resp. to Doc. Req. Nos. 1, 2. Defendants' contention is without merit.

### 1.    Defendants' Authority to Release the Docket Sheets

The Second Circuit's holding concerning the limits of defendants' authority to release the docket sheets is clear: because the public has a constitutional right to inspect dockets, defendants must provide them to plaintiffs unless "the district court determines that *particular docket sheets have indeed been sealed pursuant to statutes or judicial orders*." *Pellegrino*, 380 F.3d at 98 (emphasis added). For this reason, "[a]mong the questions to be resolved [in discovery] is whether any orders *explicitly* seal docket sheets." *Id.* (emphasis added). To date, defendants have not presented any evidence that even one of the judicial orders in Level 1 or Level 2 cases explicitly seals the docket sheet. To the contrary, at least with respect to the Level 1 cases, the Court has confirmed that there are no "judicial orders explicitly sealing docket sheets." Transcript of October 13, 2004 Conference ("Conf. Tr.") at 4. Unless the orders "*explicitly* seal docket sheets," *Pellegrino*, 380 F.3d at 98 (emphasis added), defendants should be required to produce them. At the very minimum, defendants should be ordered to set forth the operative language of each sealing order as requested by Interrogatories 4 and 5, a step that can be done without disclosing the parties or nature of the allegations in any specific case, or otherwise revealing any identifying information that might be subject to the sealing order itself.

Notwithstanding the Second Circuit's mandate, defendants have stonewalled against any of these disclosures on the ground that an order generally stating that a "file" shall be sealed necessarily seals the docket and all information in it as well. *See* Defs.' S.J. Mem. at 7. Defendant's position is based on their reading of the unadorned term "file," but their use of the term is inconsistent with its use generally in Connecticut practice. *See, e.g.*, Conn. Prac. Book

Sec. 4-3 (2005) (stating that clerk shall endorse all papers "and make a like entry upon the *clerk's docket* and *the file*) (emphasis added); Conn. Prac. Book Sec. 7-1 (titled "Dockets; Clerk's Records") (stating that clerk "shall keep a record of all pending cases" and that "*duplicates* of these records shall be kept with the original file in the case") (emphasis added); Conn. Prac. Book Sec. 7-2 (stating that clerk shall "make and keep dockets of causes therein"); Conn. Prac. Book Sec. 14-4 (stating that clerk "shall maintain and have available for inspection . . . a record concerning each civil case and administrative appeal"); Conn. Prac. Book Sec. 24-7 (titled "What Constitutes File") (small claims) ("The file shall consist of the small claims writ and notice of suit, documents relating to the service of the writ, allowable pleadings and motions, and documents relating to postjudgment proceedings."). *Compare* Conn. Prac. Book Sec. 79-2 (Appeals in Juvenile Matters) (listing individuals to automatically receive copy of notice of appeal *and docket sheet*) *with* Sec. 79-3 (providing that "[t]he records and papers of any juvenile matter shall be open for inspection only to counsel of record and to others having a proper interest therein only upon order of the court"). *See also Conn. Light and Power Co. v. Renshaw*, No. CV 980418834S, 1999 WL 773517, *1 n.1 (Conn. Super. Ct. Sept. 16, 1999) ("As of November 5, 1998 . . . the State of Connecticut Judicial Information System was in operation, allowing the public, in any courthouse and from many personal computers, easy access to the docket sheet in *any pending civil case in any Judicial District*.") (emphasis added).

In a classic bootstrap argument, defendants assume that the docket is a part of the "file," and then reason that it would be illogical to construe an order sealing "the file" not to seal the docket, because then any document in the file not specifically mentioned in the sealing order "would not be protected." Defs.' S.J. Mem. at 7. As the Second Circuit observed, however, there is good reason for considering the docket as something separate and distinct from the file:

8

"[D]ocket sheets provide a kind of index to judicial proceedings and documents, and endow the public and the press with the capacity to exercise their rights guaranteed by the First Amendment." *Pellegrino*, 380 F.3d at 93. Without them, the First Amendment right of access "would be merely theoretical." *Id.* What is more, the disclosure of docket sheets does not implicate the kind of privacy and other interests in the way that disclosure of substantive motions and other documents does. *See In re State-Record Co.*, 917 F.2d 124, 129 (4th Cir. 1990) ("[W]e can not understand how the docket entry sheet could be prejudicial.").

Defendants' expansive interpretation of the phrase "seal the file" as requiring them to keep secret both the docket sheets and the sealing orders—effectively erasing cases from public knowledge altogether—only underscores the extent to which the right of access has been abridged by "administrative fiat" rather than "explicit" court order. *See Pellegrino*, 380 F.3d at 97. To take one example, a manual for court clerks concerning the sealing of criminal cases states, "If an *entire file* is sealed by court order, *the clerk may acknowledge the existence of the file and that [it] is sealed.*" Judicial Branch, Criminal Manual, dated June 20, 2001 (emphasis added). Yet, defendants' position here is that if an entire file is sealed in a *civil* case, the clerk may not even acknowledge the existence of the case. Defendants are hard pressed to understand how such contrary results could be squared with each other, unless defendants themselves have determined *as an administrative matter* what the phrase "seal the file" means.[6]

---

[6] As the Second Circuit observed, "the defendant administrators can provide relief as long as they do not encounter the resistance of actual judicial orders." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 97 (2d Cir. 2004). If an order sealing a file "shall be no broader than necessary to protect [the] overriding interest" warranting the sealing of the file, Conn. Prac. Book § 211B (Cumm. Supp. 1995); Conn. Prac. Book § 895 (Cumm. Supp. 1995) (cited in *Pellegrino*, 380 F.3d at 88-89), it stands to reason that the sealing order itself should likewise be construed as narrowly as possible to protect the First Amendment interests at stake. Unfortunately, defendants have focused solely on what they *cannot* do, rather than what they *can* do, and have construed the sealing orders as broadly as possible to avoid disclosure to plaintiffs of any information that would enable plaintiffs to redress the constitutional violations that have occurred.

Indeed, Judge Ment, who was tasked by defendants with reviewing the orders in Level 1 and Level 2 cases, has expressed his own doubts about the basis on which cases were designated. As Judge Ment put it, making the distinction between Level 1 and Level 2 cases was "difficult," as "some of those files are not very clear as to whether – and what was intended to be [sealed]." 10/13/04 Conf. Tr. at 28. Given the lack of any evidence that "seal the file" means "seal the docket sheet," or "erase the case from the docket," defendants' position on this score is untenable. Simply put, in the absence of orders "explicitly seal[ing] [the] docket sheets," *Pellegrino*, 380 F.3d at 98, defendants should be compelled to produce them, or alternatively provide the descriptive information requested in the pending interrogatories.

### 2.    Defendants' Authority to Disclose the Sealing Orders or the Controlling Language of the Orders.

Even where a sealing order explicitly seals a docket sheet, there is no justification for defendants' refusal to provide information to substantiate that fact. Defendants assert that they are without authority even to disclose the sealing orders or to provide basic information about them (such as the controlling language on which defendants are relying to withhold the docket sheets) because doing so would *itself* violate the sealing order. On the contrary, and as this Court has recognized, there is no sound reason why the sealing orders themselves or basic information concerning the substance of the sealing orders should not be made available to plaintiffs:

> **The Court**: We're in this court because you say you don't have the authority to do that which the plaintiffs would like you to do. ****
> Why? Because we encounter a judicial order. Okay? Why then, if that's the situation, why then isn't the order itself disclosable? If the thing that prevents you from doing what the plaintiffs would like you to do is the existence of an order that prevents you from doing it, why not produce the order? Why not give them what you've given me?

10/13/04 Conf. Tr. at 47-48.

Defendants' ongoing refusal to disclose the sealing orders themselves is

incomprehensible. Like all judicial orders, sealing orders "belong to the public" and must be

open to inspection. *Pepsico v. Redmond*, 46 F.3d 29, 31 (7th Cir. 1995). In exceptional

circumstances, some courts have been permitted to file *findings* in support of an order under seal,

but only the part of the findings that must be kept secret to protect some transcendent value may

be sealed, and the court "must make every effort to explain as much of its decision as possible on

the public record to enable an interested person to intelligently challenge the decision."

*Washington Post v. Robinson*, 935 F.2d 282, 289 n.9 (D.C. Cir. 1991); *see also Pepsico*, 46 F.3d

at 30 (even the judge "who enjoined publication of details of the hydrogen bomb's construction

managed to explain his decision to the public"). If such limits exist on the sealing of a court's

findings, *a fortiori* the terms of a court's orders should not be sealed absent express findings

establishing the most compelling need for a secret mandate.[7]

What is more, the assertion that the *terms* of a sealing order cannot even be disclosed

runs counter to the Second Circuit's expectation of the very steps that would be taken on remand.

The issues remanded for this Court to address include specifically whether "actual judicial

orders" exist that "explicitly seal docket sheets." *Pellegrino*, 380 F.3d at 97, 98. The Second

Circuit said it could not resolve this issue on the record then before it, and remanded the matter

specifically because "[d]iscovery would illuminate this issue." *Id.* at 98. In light of the Second

Circuit's mandate, this Court agreed that *some* disclosure of the terms of the orders is necessary,

---

[7] Even in the rare instances when a court's findings are allowed to be sealed, their *existence* must still be listed on a public docket. *See United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988) (allowing the findings in a decision underlying a sealing order to be sealed, but requiring "the fact that a sealing order had been entered [to] be docketed"); *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991) (court must "place the fact that it has sealed [a] plea agreement on the public docket"); *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 575 (8th Cir. 1988) (although it was appropriate to seal the court's findings, it was improper to seal the docket sheets showing the existence of the findings).

11

observing that "with regard to their contents, [] I think it's necessary for me to tell you something about them, otherwise we're stymied." 10/13/04 Conf. Tr. at 4. In the same vein, defendants should be compelled to disclose the contents of the orders on which they are relying to withhold the docket sheets.

Indeed, what little information plaintiffs have been able to learn to date only underscores their need for the requested disclosures. Defendants initially admitted that "there was a practice whereby when superior court judges entered sealing orders *directing that the existence of a case be kept confidential*, court personnel used the 'Level 1' designation to enter the orders into the court computer system." Answer and Affirmative Defenses to Intervening Compl. ¶ 8 (emphasis added). Defendants now contend that that the phrase "seal the file," and nothing more, compels the very same result. *See* Defs.' S.J. Mem. at 7. While plaintiffs agree that an order directing that the existence of a case be kept confidential means just that, defendants have refused to provide any evidence that the sealing orders at issue contain such language. Without such language in the order, defendants' "*practice*" of keeping the case confidential, Report of Parties' Planning Meeting at 4, Stat. of Undisputed Fact ¶ 5 (emphasis added), constitutes sealing "in accordance with administrative fiat." *Pellegrino*, 380 F.3d at 97. Given these facts, it is essential that plaintiffs have access to the orders themselves or the controlling language of the orders. Only then will plaintiffs know the precise contours of any court order that expressly enjoins defendants from disclosing a docket sheet.[8]

---

[8] As plaintiffs explained in detail in their Rule 56(f) Motion and their reply memorandum in support thereof, plaintiffs' position on the proper interpretation of an order cannot meaningfully be developed and asserted without even knowing what the order says. *See* Pls.' Rule 56(f) Reply Mem. at 2-4.

## II.    Information and Documents Needed to Fashion Appropriate Relief from Defendants or Others.

### A.    Discovery Requests at Issue

**Int. No. 1:** For each case currently designated as "Level 1," provide the following information: a.        The docket number of the case; b. The names of the parties to the case; c. The judicial district in which the case resides; d. The name of the judge who entered any order that you contend forbids disclosure of the docket sheet, and the date of any such order; e. The name of the judge who entered any order that you contend requires the Level 1 designation of the case, and the date of such order; and f. State whether any order referenced in (d) or (e) above bears the signature of a judge, administrative personnel, or both; and g. Identify any documents concerning any order referenced in (d) or (e) above.

**Interrogatory No. 2**: For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), provide the name of the judge who entered any order that you contend requires the Level 2 designation and/or forbids the disclosure of the docket sheet.

**Interrogatory No. 6**: Identify by name and judicial district each and every judge who has a case currently designated as "Level 1" pending before him or her, and in each such instance state the total number of "Level 1" cases pending before the judge.

**Interrogatory No. 7**: Identify by name and judicial district each and every judge who has a case currently designated as "Level 2" pending before him or her, and in each such instance state the total number of "Level 2" cases pending before the judge.

### B.    Reasons for Allowance

The foregoing requests – aimed at obtaining barebones information concerning Level 1 and Level 2 cases – are unquestionably relevant to the parties' claims and defenses. For example, the names of the judges who entered the sealing orders in question certainly is relevant to plaintiffs' efforts to request appropriate relief for the constitutional violations that have occurred. Indeed, the names of the judges who entered the sealing orders may reveal that most of the Level 1 or Level 2 cases reside in a particular district or were entered by only a handful of judges. Again, however, defendants have refused to make these disclosures on the grounds that the

13

requests seek information sealed by judicial order or pursuant to a statute. *See, e.g.*, Defs.' Resp.
to Int. Nos. 1, 2, 6 and 7.

There can be no valid justification for defendants' refusal to provide basic information
concerning the Level 1 and Level 2 cases. As plaintiffs have repeatedly pointed out, sealing is
what is done to the *contents* of a file. Sealing of the file does not require defendants to deny the
very existence of the case itself, or to withhold the name of the judge presiding over the case or
the judicial district in which the case resides.[9]

Indeed, although defendants now assert that they are precluded by judicial orders from
disclosing the names of the judges who entered sealing orders in Level 1 and Level 2 cases,
defendants said nothing of the sort when previously resisting disclosure of the names of the
judges who signed the orders:

> **The Court**: I will say this: I don't understand why you would be
> concerned about the name of the judge. The privacy interest that
> could justify a sealing order would be a privacy interest of the
> litigant, presumably, not the judge. I don't know why you would
> be fussy about that. If a judge entered a sealing order, so be it.
>
>            ***
>
> Can you tell me why you would have a problem with the
> plaintiff[s] seeing the name of the judge?
>
> **Ms. Danehy Cox**: Because it's our position that we don't want that
> to be the case at this point.
>
> **The Court**: Why? I don't mean to be impertinent, but I just don't
> understand why.

---

[9] Except under extraordinary circumstances overriding the public's First Amendment right of access, the
sealing of a case file does not require the sealing of the names of the parties to a case either. *See Doe v.
Conn. Bar Examining Comm.*, 263 Conn. 39, 68, 818 A.2d 14, 33-34 (2003) ("[T]he question of *who* is
using the judicial system is ordinarily as much a part of [the principle of openness of judicial proceedings]
as *why* it is being used.").

Transcript of 9/22/04 Telephone Conference at 27-28.  Defendants have apparently decided to resist disclosing the names of the judges and other basic information about "Level 1" and "Level 2" cases not because it would contravene a judicial order to do so, but because they just "don't want that to be the case at this point."  *Id.* at 28.

What is even more baffling is that defendants are now refusing to provide the very information that would allow plaintiffs to request appropriate relief from them or to seek appropriate relief elsewhere.  Defendants' unflinching position in this lawsuit is that they do not have the authority to provide the relief plaintiffs seek.  Even assuming that is true, before plaintiffs can be expected to avail themselves of other remedies, they need enough barebones data about these so-called Level 1 and Level 2 cases to allow them to assess whether they can or will seek additional relief from these defendants or others.  As the Second Circuit noted, "the district court may, of course, consider any request by the plaintiffs for alternative forms of relief."  *Pellegrino*, 380 F.3d at 98.  Plaintiffs cannot request such relief, however, if they do not know (1) the names of the judges who entered the sealing orders; (2) the docket numbers of the cases; (3) the names of the parties involved; and (4) the judicial district in which the cases reside.  As discussed *supra* at 12, defendants have never disclosed any evidence that judicial orders exist barring the disclosure of such information.  In the absence of any such orders, defendants should be compelled to provide it.

15

## CONCLUSION

For each and all of the foregoing reasons, the Court should grant plaintiffs' Motion to Compel and order defendants to produce the information and documents at issue immediately.

Respectfully submitted,

May 23, 2005

PLAINTIFF,

THE HARTFORD
COURANT COMPANY

By: David A. Schulz /DJC

David A. Schulz
Federal Bar No. ct15417
Levine Sullivan Koch & Schulz, L.L.P.
230 Park Avenue, Suite 1160
New York, NY 10169
Tel: (212) 850-6103
Fax: (212) 850-6299
dschulz@lskslaw.com

*Of Counsel:*
David S. Bralow, Esq.
Tribune Company
220 E. 42d Street, Suite 400
New York, NY 10017
Tel: (212) 210-2885
Fax: (212) 210-2883

Paul Guggina, Esq.
Federal Bar No. ct23409
Tyler Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103-3488
Tel: (860) 725-6200
Fax: (860) 278-3802
pguggina@tylercooper.com

INTERVENING PLAINTIFF,

AMERICAN LAWYER MEDIA, INC.
d/b/a CONNECTICUT LAW TRIBUNE

By:

Daniel J. Klau
Federal Bar No. ct17957
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. (860) 522-5175
Fax: (860) 522-2796
dklau@pepehazard.com

## CERTIFICATION

THIS IS TO CERTIFY THAT a copy of the foregoing was mailed via first class mail,

postage prepaid, this 23rd day of May, 2005, to:

> Maureen Danehy Cox, Esq.
> Carmody & Torrance LLP
> 50 Leavenworth Street
> P.O. Box 1110
> Waterbury, CT 06721-1110
>
> Counsel for Defendants

By _____

Daniel J. Klau
Federal Bar No. ct17957

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD COURANT COMPANY | : | CIVIL ACTION NO. 3:03CV0313 (RNC) |
| | : | |
| Plaintiff, | : | |
| | : | |
| AMERICAN LAWYER MEDIA, INC. d/b/a THE CONNECTICUT LAW TRIBUNE | : | |
| | : | |
| Intervening Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM J. SULLIVAN, CHIEF JUSTICE and JOSEPH PELLEGRINO CHIEF COURT ADMINISTRATOR | : | |
| | : | |
| Defendants. | : | MARCH 21, 2005 |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Rule 26, the Plaintiffs propound the following interrogatories to the Defendants and request that they produce the documents described below for inspection and copying at the offices of Tyler Cooper & Alcorn, One CityPlace, Hartford, Connecticut, or at such other location as may be mutually agreed, within 30 days hereof.

## DEFINITIONS

1.     The definitions set forth in Local Rule 26 are incorporated by reference herein.

2.     The terms "Level 1" and "Level 2" shall have the meanings set forth in the so-called "Stanulis memorandum" dated June 12, 2000.

DJK/32401/2/702335v1
03/21/05-HRT/

3.      The phrase "currently designated" means any case that, as of the date of these discovery requests, has been designated by the Judicial Branch of the State of Connecticut as either a "Level 1" or "Level 2" case, regardless of whether such case is pending or closed.

## INSTRUCTIONS

1.      In producing the documents called for by this request for production of documents, segregate those documents into separate folders or boxes (as appropriate) numbered to correspond to the section of the request calling for their production.

2.      If you do not respond to a section of the document request, in whole or in part, because of a claim of privilege, set forth the privilege claimed; identify the facts upon which you rely to support the claim of privilege; and identify all documents for which such privilege is claimed.  In particular, if you refuse to produce a document because of a claim of the attorney/client privilege, identify the author or other person who produced the document; the capacity in which that person was acting when he produced the document; all recipients of the document; and the subjects or topics discussed in the document.

3.      If you maintain that any document or record was, but is no longer, in existence, in your possession or subject to your control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily to others; or, (d) has been otherwise disposed of.  In each instance, set forth the contents of the document, the location of any copies of the document, and describe the circumstances surrounding its disposition, stating the date of its disposition, any authorization therefore, the person(s) responsible for such disposition, and the policy, rule, order or other authority by which such disposition was made.

4.     These requests shall be deemed to be continuing, such that if additional documents are located subsequent to your response hereto, those documents must be provided by you in a supplemental production.

5.     Each request must be answered with your entire knowledge, available from all sources, including all documents, things or information in your possession, custody, or control of your agents, partners, attorneys, employees or representatives, or otherwise available to you.  If any request has sub-parts, then respond to each part separately and in full, and do not limit your response to the request as a whole.

6.     If any of the following requests cannot be responded to in full, then respond to the extent possible, specifying the reasons for your inability to respond to the remainder.

7.     If you object to any part of any request, then respond to all parts not objected to and state the precise nature of your objection to any part to which you did not respond.  If, in responding to any of these requests, you assert or rely upon any privilege or other rule protracting against disclosure of a document, communication or other information, then specify the nature of such privilege or rule.

8.     Do not produce identical copies of the same document.

## INTERROGATORIES

1.     For each case currently designated as "Level 1," provide the following information:

   a.     The docket number of the case;

   b.     The names of the parties to the case;

   c.     The judicial district in which the case resides;

   d.     The name of the judge who entered any order that you contend forbids disclosure of the docket sheet, and the date of any such order;

e.    The name of the judge who entered any order that you contend requires the Level 1 designation of the case, and the date of such order; and

f.    State whether any order referenced in (d) or (e) above bears the signature of a judge, administrative personnel, or both; and

g.    Identify any documents concerning any order referenced in (d) or (e) above.

2.    For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), provide the name of the judge who entered any order that you contend requires the Level 2 designation and/or forbids the disclosure of the docket sheet.

3.    For any case that was formerly designated as "Level 1," but which no longer bears that designation:

a.    state the docket number of the case;

b.    state the names of the parties to the case; and

c.    set forth *verbatim* the operative language contained in any controlling order, (and any transcript, motion or other document concerning such order) that caused the case to be reclassified from level 1 to its current status.

4.    For each case currently designated as "Level 1," set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend:

a.    requires the docket number to be maintained under seal;

b.    requires the docket sheet to be maintained under seal;

c.    requires the names of the parties to be maintained under seal; and

d.    requires the name of the assigned judge to be maintained under seal.

5.    For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend:

a.    requires the docket sheet to be maintained under seal;

b.    requires the name of the assigned judge to be maintained under seal.

6.      Identify by name and judicial district each and every judge who has a case currently designated as "Level 1" pending before him or her, and in each such instance state the total number of "Level 1" cases pending before the judge.

7.      Identify by name and judicial district each and every judge who has a case currently designated as "Level 2" pending before him or her, and in each such instance state the total number of "Level 2" cases pending before the judge.

8.      Identify by title or description each report, summary, index or other document prepared within the Judicial Branch of the State of Connecticut that refers or relates to cases designated as either "Level 1" or "Level 2" cases.

## DOCUMENT REQUESTS

1.      For each case currently designated as "Level 1," please produce:

   a.      The docket sheet;

   b.      Each order that you contend forbids disclosure of the docket sheet, and any transcript, motion or other document concerning such order(s); and

   c.      Each order that you contend requires the Level 1 designation, and any transcript, motion or other document concerning such order(s).

2.      For each case currently designated as "Level 2" (excluding paternity acknowledgement and support cases), please produce:

   a.      The docket sheet;

   b.      Each order that you contend forbids disclosure of the docket sheet, and any transcript, motion or other document concerning such order(s); and

   c.      Each order that you contend requires the Level 2 designation, and any transcript, motion or other document concerning such order(s).

3.      Each document described on Exhibit A hereto as a "judicial sealing order."

4.      Each document described on Exhibit A as a "sticker placed on file."

5.      Each document produced to Judge Chatigny for *in camera* inspection on or about September 29, 2004.

DJK/32401/2/702335v1
03/21/05-HRT/

6.    Each document produced to Judge Chatigny for *in camera* inspection on or about
      November 9, 2004

7     Each document reviewed, prepared and/or signed by Judge Aaron Ment and produced
      to Judge Chatigny in connection with this case.

8.    All reports, summaries, indices or other documents prepared within the Judicial Branch
      of the State of Connecticut that refer or relate to cases designated as either "Level 1" or
      "Level 2".

9.    All documents that you identified in response to any of the interrogatories propounded
      herein.

PLAINTIFF

THE HARTFORD COURANT
COMPANY

By:

Paul Guggina, Esq.
Federal Bar No. ct23409
Tyler Cooper & Alcorn
CityPlace – 35th Floor
Hartford, CT 06103-3488
Tel: (860) 725-6200
Fax: (860) 278-3802
pguggina@tylercooper.com

Of Counsel:
Stephanie S. Abrutyn, Esq.
Tribune Company
Law Department
220 E. 42nd Street – Suite 400
New York, NY 10017
Tel: (212) 210-2885
Fax: (212) 210-2883

and

INTERVENING PLAINTIFF,

AMERICAN LAWYER MEDIA,
INC. d/b/a THE CONNECTICUT
LAW TRIBUNE

By: _____
Daniel J. Klau
Federal Bar No. ct17957
Pepe & Hazard LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. (860) 522-5175
Fax: (860) 522-2796
dklau@pepehazard.com

DJK/32401/2/702335v1
03/21/05-HRT/

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

===============================x

The Hartford Courant Company     :     Civil Action No.
                                   :     3:03CV 0313 (RNC)

      Plaintiff,             :

                                     :

American Lawyer Media, Inc.       :
d/b/a The Connecticut Law Tribune    :

                                     :

      Intervening Plaintiff,      :

                                     :

v.                                         :

                                     :

Joseph Pellegrino,             :
Chief Court Administrator, and      :
William J. Sullivan, Chief Justice,    :

                                     :

      Defendants.           :     APRIL 20, 2005

===============================x

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

The defendants Joseph Pellegrino, Chief Court Administrator, and

William J. Sullivan, Chief Justice, hereby respond to the definitions,

instructions, and interrogatories and document requests contained in the

plaintiffs' First Set of Interrogatories and Requests for Production, dated March

21, 2005, as follows:

## GENERAL OBJECTIONS

1.      Defendants object to these Interrogatories and Requests for

Production to the extent they seek the disclosure of information or the

(W1437111) CARMODY & TORRANCE LLP    50 Leavenworth Street
              Attorneys at Law              Post Office Box 1110
                                       Waterbury, CT 06721-1110
                                       Telephone: 203 573-1200

production of documents that have been sealed by court order or by effect of statute.

2.      Defendants object to these Interrogatories and Requests for Production to the extent that plaintiffs seek the disclosure of information or the production of documents that constitute attorney work product, contain privileged attorney-client communications or are otherwise privileged or protected from disclosure.

3.      Defendants object to these Interrogatories and Requests for Production to the extent that: (a) plaintiffs seek to require defendants to disclose information beyond what is available to defendants at present after conducting a reasonable search of their own files and a reasonable inquiry of Judicial Branch officials; and/or (b) plaintiffs seek to impose on defendants obligations beyond those set forth in the Federal Rules of Civil Procedure.

4.      Defendants object to these Interrogatories and Requests for Production to the extent they seek the disclosure of information, documents and things not in the possession, custody or control of defendants, including but not limited to, disclosure from parties not subject to this action.

5.      Defendants object to these Interrogatories and Requests for Production to the extent that they are unlimited as to time or that require defendants to search for information, documents and things generated both

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

2

before and after relevant time periods, including time periods that have no bearing on the issues of this lawsuit.

6.    Defendants object to these Interrogatories and Requests for Production to the extent they seek information protected pursuant to Rule 26(b)(3), Fed. R. Civ. P.

7.    Defendants object to these Interrogatories and Requests for Production to the extent they seek information and documents and things that are already in plaintiffs' possession, custody, or control; are publicly available; or are as reasonably available to plaintiffs as they are to defendants.

8.    Defendants objects to the Interrogatories and Requests for Production to the extent that they seek information or documents that are neither relevant to the subject matter of this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

9.    The Responses contained herein reflect defendants' present knowledge, information and belief, and may be subject to change or modification based on defendants' further discovery, or on facts or circumstances that may come to defendants' knowledge.

10.    Nothing in these Responses shall be construed as waiving any rights or objections that may otherwise be available to defendants, nor are any of defendants' responses an admission of the relevance, materiality or admissibility of any evidence in either the Interrogatory or response thereto.

(W1337711) CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

11.    These General Objections apply to all of plaintiffs' Interrogatories and Requests for Production.  To the extent that specific General Objections are cited in a specific response, those specific citations are provided because they are believed to be particularly applicable to the specific Interrogatory or Document Request and are not to be construed as a waiver of any General Objection applicable to information falling within the scope of the requests.

## DEFINITIONS

1.    The definitions set forth in Local Rule 26 are incorporated by reference herein.

2.    The terms "Level 1" and "Level 2" shall have the meanings set forth in the so-called "Stanulis memorandum" dated June 12, 2000.

3.    The phrase "currently designated" means any case that, as of the date of these discovery requests, has been designated by the Judicial Branch of the State of Connecticut as either a "Level 1" or "Level 2" case, regardless of whether such case is pending or closed.

## INSTRUCTIONS

1.    In producing the documents called for by this request for production of documents, segregate those documents into separate folders or boxes (as appropriate) numbered to correspond to the section of the request calling for their production.

2.     If you do not respond to a section of the document request, in whole or in part, because of a claim of privilege, set forth the privilege claimed; identify the facts upon which you rely to support the claim of privilege; and identify all documents for which such privilege is claimed. In particular, if you refuse to produce a document because of a claim of the attorney/client privilege, identify the author or other person who produced the document; the capacity in which that person was acting when he produced the document; all recipients of the document; and the subjects or topics discussed in the document.

3.     If you maintain that any document or record was, but is no longer, in existence, in your possession or subject to your control, state whether it: (a) is missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily to others; or, (d) has been otherwise disposed of. In each instance, set forth the contents of the document, and describe the circumstances surrounding its disposition, stating the date of its disposition, any authorization therefore, the person(s) responsible for such disposition, and the policy, rule, order or other authority by which such disposition was made.

4.     These requests shall be deemed to be continuing, such that if additional documents are located subsequent to your response hereto, those documents must be provided by you in a supplemental production.

5.      Each request must be answered with your entire knowledge, available from all sources, including all documents, things or information in your possession, custody, or control of your agents, partners, attorneys, employees or representatives, or otherwise available to you. If any request has sub-parts, then respond to each part separately and in full, and do not limit you response to the request as a whole.

6.      If any of the following requests cannot be responded to in full, then respond to the extent possible, specifying the reasons for your inability to respond to the remainder.

7.      If you object to any part of any request, then respond to all parts not objected to and state the precise nature of your objection to any part to which you did not respond. If, in responding to any of these requests, you assert or rely upon any privilege or other rule protecting against disclosure of a document, communication or other information, then specify the nature of such privilege or rule.

8.      Do not produce identical copies of the same document.

OBJECTION TO DEFINITIONS AND INSTRUCTIONS:

Defendants object to plaintiffs' "Definitions" and "Instructions" to the extent they impose, or attempt to impose, obligations and demands beyond those expressed or contemplated by Rule 26, 33, and/or 34 of the Federal Rules of Civil Procedure or the Local Rules.

WIGGIN & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

6

## INTERROGATORIES

1.     For each case currently designated as "Level 1," provide the following information:

    a.     The docket number of the case;

    b.     The names of the parties to the case;

    c.     The judicial district in which the case resides;

    d.     The name of the judge who entered any order that you contend forbids disclosure of the docket sheet, and the date of any such order;

    e.     The name of the judge who entered any order that you contend requires the Level 1 designation of the case, and the date of such order; and

    f.     State whether any order referenced in (d) or (e) above bears the signature of a judge, administrative personnel, or both; and

    g.     Identify any documents concerning any order referenced in (d) or (e) above.

## RESPONSE:

In addition to the General Objections, defendants specifically object to this Interrogatory in that it seeks disclosure of information sealed by judicial order or effect of statute; furthermore, it is overly broad and unduly burdensome.

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
    Waterbury, CT 06721-1110
    Telephone: 203 573-1200
(W943479)    7

2.    For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), provide the name of the judge who entered any order that you contend requires the Level 2 designation and/or forbids the disclosure of the docket sheet.

RESPONSE:

In addition to the General Objections, defendants specifically object to this Interrogatory in that it seeks disclosure of information that is sealed pursuant to judicial order or the effect of statute; furthermore, it is overly broad and unduly burdensome.

3.    For any case that was formerly designated as "Level 1," but which no longer bears that designation:

a.    state the docket number of the case;

b.    state the names of the parties to the case; and

c.    set forth *verbatim* the operative language contained in any controlling order, (and any transcript, motion or other document concerning such order) that caused the case to be reclassified from level 1 to its current status.

RESPONSE:

In addition to the General Objections, the defendants specifically object to this Interrogatory to the extent it seeks the disclosure of information that is sealed pursuant to judicial order or the effect of statute.  Notwithstanding and without waiving this objection, the defendants produce herewith documents (with explanations) responsive to this interrogatory.

Attachment A: This is a list of 29 cases that had been coded at Level 1, but are now coded at Level 2. Consistent with the Level 2 coding, this Attachment discloses the Docket Number and Case Names of each of these cases.

Attachment B: This is a list of 21 cases that had been coded at Level 1 but are now coded at Level 3 or unsealed entirely. This Attachment discloses the Docket Number and Case Names of each of these cases. This Attachment also includes copies of the relevant sealing orders.

Attachment C: This is a list of 110 Paternity and Support cases that had been coded at Level 1. This Attachment discloses the Docket Number and the Case Names of each of these cases. This Attachment also includes a Memorandum dated September 28, 2004 that explains the sealing procedures and status of each of these cases.

Attachment D: This is a document disclosing the name and docket number of one "case" that had been coded at Level 1. This was a computer data entry test; it was not an actual case.

4.    For each case currently designated as "Level 1," set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend:

a.    requires the docket number to be maintained under seal;

b.    requires the docket sheet to be maintained under seal;

CASSIDY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
9

      c.       requires the names of the parties to be maintained under seal; and

      d.       requires the names of the assigned judge to be maintained under seal.

## RESPONSE:

In addition to the General Objections, defendants further specifically

object to this Interrogatory in that it seeks information that is sealed by judicial

order or by effect of statute; and further object in that it is overly broad and

unduly burdensome.

      5.      For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend:

      a.       requires the docket sheet to be maintained under seal;

      b.       requires the name of the assigned judge to be maintained under seal.

## RESPONSE:

In addition to the General Objections, defendants further specifically

object to this Interrogatory in that it seeks information that is sealed pursuant to

judicial order or effect of statute; and further object in that it is overly broad and

unduly burdensome.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

10

6.      Identify by name and judicial district each and every judge who has a case currently designated as "Level 1" pending before him or her, and in each such instance state the total number of "Level 1" cases pending before the judge.

RESPONSE:

In addition to the General Objections, defendants further specifically

object to this Interrogatory in that it seeks information that is sealed pursuant to

judicial order or by effect of statute.


7.      Identify by name and judicial district each and every judge who has a case currently designated as "Level 2" pending before him or her, and in each such instance state the total number of "Level 2" cases pending before the judge.

RESPONSE:

In addition to the General Objections, defendants further specifically

object to this Interrogatory in that it seeks information that is sealed pursuant to

judicial order or effect of statute; and further object in that it is overly broad and

unduly burdensome.


8.      Identify by title of description each report, summary, index or other document prepared within the Judicial Branch of the State of Connecticut that refers or relates to cases designated as either "Level 1" or "Level 2" cases.

RESPONSE:

In addition to the General Objections, defendants further specifically

object to this Interrogatory in that it seeks information that is sealed pursuant to

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110    11
Telephone: 203 573-1200

judicial order or effect of statute; and further object in that it is overly broad,
vague and unduly burdensome. Notwithstanding and without waiving the
General and specific objections, defendants state that they will produce non-
privileged documents that are not sealed pursuant to judicial order or effect of
statute that reasonably refer to or relate to cases designated as either "Level
1" or "Level 2" (or, if voluminous and/or repetitious, summaries or explanations
of same). These  documents are listed either individually or in groupings in
Attachment E hereto.

## DOCUMENT REQUESTS

1.     For each case currently designated as "Level 1," please produce:

   a.     The docket sheet;

   b.     Each order that you contend forbids disclosure of the docket
          sheet, and any transcript, motion or other document concerning
          such order(s); and

   c.     Each order that you contend requires the Level 1 designation,
          and any transcript, motion or other document concerning such
          order(s).

## RESPONSE:

In addition to the General Objections, defendants further specifically
object to this Production Request in that it seeks the production of documents
that are sealed pursuant to judicial order or effect of statute; and further object
in that it is overly broad and unduly burdensome.

WIGGIN & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
12

2.      For each case currently designated as "Level 2" (excluding paternity acknowledgement and support cases), please produce:

    a.      The docket sheet;

    b.      Each order that you contend forbids disclosure of the docket sheet, and any transcript, motion or other document concerning such order(s); and

    c.      Each order that you contend requires the Level 2 designation, and any transcript, motion or other document concerning such order(s).

### RESPONSE:

In addition to the General Objections, the defendants further specifically object to this document request in that it seeks the production of documents that are sealed pursuant to judicial order or effect of statute; and further object in that is overly broad and unduly burdensome.

3.      Each document described on Exhibit A hereto as a "judicial sealing order."

### RESPONSE:

In addition to the General Objections, the defendants further specifically object to this document request to the extent it seeks the production of documents that are sealed pursuant to court order or the effect of statute. Without waiving this objection, documents are produced in response to this document request and in response to document requests #4 and #7 below in

connection with the following two cases that were identified by the plaintiffs in their Exhibit A:

Lance Porter vs. Electric Boat Corporation:  Judge Ment reviewed the docket summary, the Motion to Seal, and the "sticker" on the corner of the envelope containing the sealed document. The motion sought an order sealing a portion of a transcript, and the corner of the envelope containing the sealed documents indicated that the envelope contained excerpted pages of a deposition transcript filed under seal. The defendants produce herewith copies of the documents reviewed by Judge Ment in this process: the computer list of pleadings and actions, the motion (with attachment) and the "sticker" with the sealing order. This file is sealed at level 3 and, with the exception of the sealed documents, is available for inspection.

City of Hartford v. 1181 Main St.:  A sticker had been placed on the corner of this file, indicating that it contained sealed information. Upon opening the file, Judge Ment found a sealed envelope containing a similar sticker indicating that the envelope contained sealed information. There was no indication that any other components of the file were intended to be sealed. The defendants produce herewith copies of these stickers. This file is sealed at level 3, and, with the exception of the sealed documents, is available for inspection.

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
14

4.    Each document described on Exhibit A as a "sticker placed on file."

RESPONSE:

In addition to the General Objections, the defendants further specifically object to this document request to the extent that it seeks documents that are sealed pursuant to court order or effect of statute. See response to Request No. 3 above with respect to the stickers that are produced herewith.

5.    Each document produced to Judge Chatigny for in camera inspection on or about September 29, 2004.

RESPONSE:

In addition to the General Objections, the defendants further specifically object to this document request to the extent that it seeks documents that are sealed pursuant to court order or the effect of statute.

6.    Each document produced to Judge Chatigny for in camera inspection on or about November 9, 2004.

RESPONSE:

In addition to the General Objections, the defendants further specifically object to this document request to the extent that it seeks documents that are sealed pursuant to court order or the effect of statute.

7.    Each document reviewed, prepared and/or signed by Judge
Aaron Ment and produced to Judge Chatigny in connection with this case.

## RESPONSE:

In addition to the General Objections, the defendants further specifically

object to this document request to the extent that it seeks documents that are

sealed pursuant to court order or the effect of statute. See, also, the Response

to Request #3 above.

8.    All reports, summaries, indices or other documents prepared
within the Judicial Branch of the State of Connecticut that refer or relate to
cases designated as either "Level 1" or "Level 2".

## RESPONSE:

In addition to the General Objections, the defendants further specifically

object to this document request in that it seeks documents that are sealed

pursuant to court order or the effect of statute and that it is vague, overly broad

and unduly burdensome. Without waiving this objection, the defendants

produce herewith the documents identified in response to Interrogatory 8.

9.    All documents that you identified in response to any of the
interrogatories propounded herein.

## RESPONSE:

In addition to the General Objections, the defendants further specifically

object to this document request in that it seeks documents that are sealed

pursuant to court order or the effect of statute and that it is vague, overly broad

and unduly burdensome. Without waiving this objection, see documents

produced herewith.


                                        THE DEFENDANTS,


                        BY:    _____
                                Maureen Danehy Cox
                                Federal Bar # ct05499
                                Carmody & Torrance LLP
                                50 Leavenworth Street
                                P.O. Box 1110
                                Waterbury, CT  06721-1110
                                Phone: (203) 573-1200
                                Fax: (203) 575-2600
                                Email:  mcox@carmodylaw.com

## VERIFICATION

My name is Joseph D'Alesio. I am the Executive Director of Superior Court Operations and Executive Secretary for the Judicial Branch of the State of Connecticut. I have reviewed the answers to the interrogatories set out in this document.

I declare under penalty of perjury that these answers are true and correct to the best of my knowledge.

Dated: 4/15/05

_____
Joseph D'Alesio

## CERTIFICATION OF SERVICE

The undersigned certifies that a copy of the foregoing has been served on the following counsel of record by hand delivery or by first-class mail, postage prepaid this 20th day of April 2005.

Paul Guggina, Esq.
Tyler Cooper & Alcorn
CityPlace I - 35th Floor
185 Asylum Street
Hartford, CT  06103-3488
Phone:  860 725-6200
Fax:  860 278-3802

Daniel J. Klau, Esq.
Pepe & Hazard
225 Asylum Street
Hartford, CT  06103
Phone:  860 522-5175
Fax:  860 522-2796

Jeannette M. Bead, Esq.
Levine Sullivan Koch & Schulz LLP-DC
1050 17th Street, NW
Suite 800
Washington, DC  20036
Phone:  202 508-1134
Fax:  202-861-9888

David A. Schulz, Esq.
Levine Sullivan Koch & Schulz LLP-NY
230 Park Avenue, Suite 1160
New York, NY  10169
Phone:  212 850-6103
Fax:  212 850-6299

Maureen Danehy Cox

CASIDY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
18