UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

===============================x
The Hartford Courant Company        :   Civil Action No.
                                    :   3:03CV 0313 (RNC)
        Plaintiff,                  :
                                    :
American Lawyer Media, Inc.         :
d/b/a The Connecticut Law Tribune   :
                                    :
        Intervening Plaintiff,      :
                                    :
v.                                  :
                                    :
Joseph Pellegrino,                  :
Chief Court Administrator, and      :
William J. Sullivan, Chief Justice, :
                                    :
        Defendants.                 :   JUNE 13, 2005
===============================x

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND DEFENDANTS' MOTION TO STAY ORDER TO DISCLOSE PENDING APPEAL

I.   **INTRODUCTION.**

The defendants, Joseph Pellegrino, Chief Court Administrator, and William J. Sullivan, Chief Justice (hereinafter the "administrators" or the "defendants"), have consistently asserted throughout this litigation that they do not have the authority in their administrative capacities to overturn orders issued by other judges or to open statutorily sealed files. The Second Circuit Court of Appeals agreed with the administrators' position, ruling that "neither the Chief Court Administrator nor the Chief Justice are vested, in their administrative capacity, with the authority to overturn orders issued by other

**ORAL ARGUMENT IS REQUESTED.**
Attorneys at Law    Post Office Box 1110
                    Waterbury, CT 06721-1110
                    Telephone: 203 573-1200

judges or to open statutorily sealed files. They are, therefore, not able to provide relief to the plaintiffs insofar as that relief would require them to grant access to documents that are sealed by statute or by judicial order." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 97 (2d Cir., 2004).

The plaintiffs argue in support of their motion to compel that the defendants must give plaintiffs the materials they seek so that plaintiffs can make an independent assessment regarding whether the defendants have the authority to give plaintiffs the materials they seek. This the defendants cannot do.

## II.    **NATURE OF THE CASE**.

This matter comes before this court on remand from the United States Court of Appeals for the Second Circuit. See Hartford Courant Co. v. Pellegrino, 380 F.3d 83 (2d. Cir., 2004). Plaintiffs, The Hartford Courant Company and American Lawyer Media, Inc. d/b/a The Connecticut Law Tribune, appealed the ruling of the district court (Goettel, J.) dismissing plaintiffs' complaints. The Second Circuit found that there is a qualified right of access to court files and docket sheets, id. at 96, but held that neither defendant was vested, in his administrative capacity, with the authority to overturn orders issued by other judges or to open statutorily sealed files, id. at 97. The Court noted that it was unable to determine on the basis of the then-current record whether the docket sheets were sealed pursuant to judicial or statutory authorization, and therefore vacated the judgment of dismissal and remanded the case to the district court. Id. at 102.

2

{W1365383}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

In their Memorandum of Law in Support of Plaintiffs' Motion to Compel Discovery, plaintiffs claim that the Second Circuit Court of Appeals held that "defendants at a minimum have authority to release dockets designated by the clerks as Level 1 and Level 2, where there is no court order or statute *explicitly* directing a clerk to seal the docket itself. See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 96, 98 (2d Cir., 2004)." Plaintiffs' Memorandum, p. 3 (emphasis in original). But that is **not** what the court held. The court never said that the docket summaries could be released unless they were explicitly referred to in the sealing order.[1] Further, the Second Circuit's court's query regarding whether orders *explicitly* sealed docket sheets was contained within the court's discussion of questions to be resolved upon remand, (and not, as claimed by the plaintiffs, as part of a holding that defendants could release the dockets unless they were explicitly referenced). 380 F.3d at 98.

As set forth more fully in the defendants' March 10, 2005 motion for partial summary judgment, the defendants have provided the court, for its *in camera* review, with the sealing orders of the Level 1 cases at issue for its determination, as a matter of law, whether the Level 1 cases were sealed by judicial order and whether those orders include, expressly or by implication, the docket sheets. The defendants have also provided this court, for its *in camera* review, with the sealing orders and any corresponding motions to seal located in the 40 Level 2 cases selected by the plaintiffs as the cases to be reviewed

---

[1] Indeed, this court noted at the October 13, 2004 conference that the Second Circuit did not state that docket sheets could never be sealed or that docket sheets would not be encompassed in a sealing order unless the sealing order explicitly referred to the docket sheet. Transcript of October 13, 2004 in-court conference at pp. 29-30.

{W1365383}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

on a priority basis, for this court's determination as to whether the files were sealed administratively or judicially. As such, this court has the necessary tools to determine whether there are judicial sealing orders and whether those sealing orders implicitly or explicitly include the docket sheets.[2]

### III. ARGUMENT.

#### A. Defendants do not have the authority to provide the plaintiffs with the discovery they seek.

Although the defendants objected in whole or in part to all of the plaintiffs' interrogatories and production requests, as well as to the definitions and instructions, the plaintiffs have moved to compel only the following interrogatories and production requests:[3]

Interrogatory 1. For each case currently designated as "Level 1," provide the following information:

    a. The docket number of the case;

    b. The names of the parties to the case;

    c. The judicial district in which the case resides;

    d. The name of the judge who entered any order that you contend forbids disclosure of the docket sheet, and the date of any such order;

    e. The name of the judge who entered any order that you contend requires the Level 1 designation of the case, and the date of such order; and

---

[2] The plaintiffs argue that "Defendants base their motion [for partial summary judgment] on the results of a review of the 42 cases conducted, at their request, by Judge Aaron Ment -- a judge who had himself been involved in the creation of the system of designations he was asked by the defendants to review." Plaintiffs' Memorandum of Law at p. 4, fn2. Plaintiffs are wrong. The defendants base their motion for partial summary judgment on this court's review of the sealing orders, the scope of which this court can determine as a matter of law.

[3] A copy of plaintiffs' discovery requests is attached as Exhibit A; a copy of defendants' objections is attached as Exhibit B.

{W1365483} CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

4

    f.      State whether any order referenced in (d) or (e) above bears the signature of a judge, administrative personnel, or both; and

    g.      Identify any documents concerning any order referenced in (d) or (e) above.

Interrogatory 2.    For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), provide the name of the judge who entered any order that you contend requires the Level 2 designation and/or forbids the disclosure of the docket sheet.

Interrogatory 4.    For each case currently designated as "Level 1," set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend:

    a.      requires the docket number to be maintained under seal;

    b.      requires the docket sheet to be maintained under seal;

    c.      requires the names of the parties to be maintained under seal; and

    d.      requires the names of the assigned judge to be maintained under seal.

Interrogatory 5.    For each case currently designated as "Level 2" (excluding paternity acknowledgment and support cases), set forth *verbatim* the operative language contained in the controlling order (and any transcript, motion or other document concerning such order) that you contend:

    a.      requires the docket sheet to be maintained under seal;

    b.      requires the name of the assigned judge to be maintained under seal.

Interrogatory 6.    Identify by name and judicial district each and every judge who has a case currently designated as "Level 1" pending before him or her, and in each such instance state the total number of "Level 1" cases pending before the judge.

Interrogatory 7.    Identify by name and judicial district each and every judge who has a case currently designated as "Level 2" pending before him or her, and in each such instance state the total number of "Level 2" cases pending before the judge.

CARMODY & TORRANCE LLP  
Attorneys at Law  
50 Leavenworth Street  
Post Office Box 1110  
Waterbury, CT 06721-1110  
Telephone: 203 573-1200  
{W1365383}

Document Request 1.    For each case currently designated as "Level 1," please produce:

    a.    The docket sheet;

    b.    Each order that you contend forbids disclosure of the docket sheet, and any transcript, motion or other document concerning such order(s); and

    c.    Each order that you contend requires the Level 1 designation, and any transcript, motion or other document concerning such order(s).

Document Request 2.    For each case currently designated as "Level 2" (excluding paternity acknowledgement and support cases), please produce:

    a.    The docket sheet;

    b.    Each order that you contend forbids disclosure of the docket sheet, and any transcript, motion or other document concerning such order(s); and

    c.    Each order that you contend requires the Level 2 designation, and any transcript, motion or other document concerning such order(s).

Document Request 5.    Each document produced to Judge Chatigny for in camera inspection on or about September 29, 2004.

Document Request 6.    Each document produced to Judge Chatigny for in camera inspection on or about November 9, 2004.

Document Request 7.    Each document reviewed, prepared and/or signed by Judge Aaron Ment and produced to Judge Chatigny in connection with this case.

The plaintiffs' contention that they should be provided with "information and documents concerning the existence, scope and entry of the sealing orders" (the plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Compel Discovery, p. 5) and "information and documents needed to fashion appropriately from defendants or others", (Id. at 13), essentially ignores the

CARMODY & TORRANCE LLP  50 Leavenworth Street
Attorneys at Law               Post Office Box 1110
{W1305383}                     Waterbury, CT 06721-1110
                               Telephone: 203 573-1200

6

defendants' position that they are without authority to do what the plaintiffs ask them to do. If the defendants are not authorized to make the information public, how can they give the information to the plaintiffs for the plaintiffs' independent assessment? The defendants have chosen the appropriate vehicle for a determination of the existence and scope of any sealing order by providing the court, for its *in camera* review, with sufficient information for it to determine as a matter of law whether they cases were sealed by judicial order. Plaintiffs' circular argument that the defendants must provide plaintiffs with information regarding the cases that are sealed so that the plaintiffs can decide whether the defendants have the authority to give them that information must fail.

By its interrogatories numbered 4 and 5, and document requests 1, 2, 5, 6 and 7, plaintiffs demand that the defendants provide plaintiffs with verbatim language of sealing orders for the level 1 and level 2 cases at issue, and with the docket sheets and various motions, orders and transcripts from those cases, as well as the documents Judge Ment provided to Judge Chatigny for his *in camera* review on September 29, 2004 and November 9, 2004. Plaintiffs fail to explain, however, how the defendants can give them this information. Plaintiffs claim that the Second Circuit Court stated that "[a]mong the questions to be resolved [in discovery] is whether any orders *explicitly* seal docket sheets." Mem. of Law, p. 7. Again, plaintiffs insert language into the court's ruling that is not there: The Second Circuit Court actually said, "[a]mong the questions to be resolved on remand is whether any orders explicitly seal docket

7

{W1365385}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

sheets." 380 F.2d at 98. It made no mention of the plaintiffs obtaining this information through discovery, presumably because it recognized that the defendants could not provide such discovery if it contravened a sealing order issued by a superior court judge. The defendants have chosen the appropriate vehicle for a review of the sealing orders, by providing them to the court for an *in camera* review.

Plaintiffs argue that sealing a "file" does not seal the docket summaries and other information in the file, and cite various practice book sections relating to the maintenance of dockets. As set forth more fully in the defendants' motion for partial summary judgment,[4] the fact that the judicial branch maintains a separate record of documents filed with the court cannot serve to contravene a judicial order sealing a file. Further, the plaintiffs' reliance on <u>dicta</u> in <u>The Connecticut Light and Power Co. v. Renshaw</u> case, plaintiffs' Memorandum of Law, p. 8, is misplaced. In that case the court denied a defaulted defendant's motion to open a judgment on various grounds, including the fact that defendant could determine the status of the case against him by accessing the court's computerized information system.

The other cases cited by plaintiff, see plaintiffs' Memorandum of Law at p. 11, are also not relevant to this case. We are not dealing with a direct appeal from an action involving sealed materials, as the court was in <u>Pepsico v. Redmond</u>, or with a mandamus action arising from a newspaper's

---

[4] The defendants recognize that most of the arguments contained herein were also set forth in their March 10, 2005 motion for partial summary and supporting documents and their April 25, 2005 opposition to plaintiffs' motion to deny summary judgment, and ask the court to incorporate the arguments set forth in those papers, rather than reiterate them fully herein.

8

CARMODY & TORRANCE LLP  50 Leavenworth Street
Attorneys at Law         Post Office Box 1110
                         Waterbury, CT 06721-1110
                         Telephone: 203 573-1200

intervention into a criminal action, as in Washington Post v. Robinson, where the appellate court reviewed the actions of the court below. In contrast, here the plaintiffs are asking these defendants to do what they are not authorized to do, that is, to overturn or act in contravention of orders of the superior court.

Similarly, the information sought by interrogatories 1, 2, 6 and 7 cannot be provided by these defendants. Defendants cannot provide piecemeal information on sealed files. If a file is sealed, its contents are sealed, including the names of the parties, the orders in the case, and the names of the judges who entered those orders.

The defendants are not seeking to circumvent the plaintiffs' First Amendment rights. The defendants cannot do, however, what they are not authorized to do.

### B. The defendants move that, should the court grant all or part of the plaintiffs' motion to compel, that the order for disclosure be stayed pending appeal of the decision.

Because the harm resulting from producing the information is irreparable, in the event that this court orders that any portion of the discovery sought be produced, defendants respectfully request that compliance with such order be stayed pending interlocutory appellate review. The Second Circuit has recognized, "the concern that a remedy after final judgment cannot unsay the confidential information that has been revealed...." In Re Von Bulow, 828 F.2d 94, 99 (2d Cir. 1987). Should such interlocutory appellate review become necessary, defendants would ask this court to make findings in its order that the disclosure sought involves a controlling question of law as to which there is

{W1365383}  CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, and ask the court to certify the matter for immediate interlocutory appeal pursuant to 28 U.S.C. §1292 (b).

In the alternative, defendants request that this court stay compliance with any such order for a period of time sufficient for the defendants to seek interlocutory review from the Second Circuit under either a writ of mandamus (see, e.g., Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); In Re Von Bulow, 828 F.2d at 98), or under 28 U.S.C. 1291 pursuant to the Cohen rule (see, e.g., Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949) (the requirement of finality [under §1291] is to be given a practical rather than a technical construction); International Bus. Mach. Corp. V. United States, 471 F.2d 507, 513 (2d Cir. 1972).

Finally, the defendants request that the documents provided to this court for its *in camera* review be provided to the Second Circuit for its *in camera* review should this case be appealed.[5]

### III. CONCLUSION.

For the reasons set forth herein, the defendants request that the Court deny the motion to compel. The defendants further request that should all or part of the motion to compel be granted, that compliance with the order be stayed pending appeal.

---

[5] The defendants have provided the court with the sealing orders in the forty Level 2 cases selected by the plaintiffs. If the court requires the sealing orders from the remaining Level 2 cases, the defendants will provide those additional orders for the court's *in camera* review.

10

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

THE DEFENDANTS,

BY _____
Maureen Danehy Cox
Federal Bar # ct05499
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110
Phone: (203) 573-1200
Fax: (203) 575-2600
Email:  mcox@carmodylaw.com

11

{W1365383}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## CERTIFICATION OF SERVICE

The undersigned certifies that a copy of the foregoing has been served on the following counsel of record by first class mail, postage prepaid this 13th day of June, 2005.

Paul Guggina, Esq.
Tyler Cooper & Alcorn
CityPlace I – 35th Floor
185 Asylum Street
Hartford, CT  06103-3488
Phone:  860 725-6200
Fax:  860 278-3802

Daniel J. Klau, Esq.
Pepe & Hazard
225 Asylum Street
Hartford, CT  06103
Phone:  860 522-5175
Fax:  860 522-2796

Jeannette M. Bead, Esq.
Levine Sullivan Koch & Schulz LLP-DC
1050 17th Street, NW
Suite 800
Washington, DC  2003
Phone:  202 508-1134
Fax:  202-861-9888

David A. Schulz, Esq.
Levine Sullivan Koch & Schulz LLP-NY
230 Park Avenue, Suite 1160
New York, NY  10169
Phone:  212 850-6103
Fax:  212 850-6299

_____
Maureen Danehy Cox

12

CARMODY & TORRANCE LLP    50 Leavenworth Street
{W1365383}    Post Office Box 1110
Attorneys at Law    Waterbury, CT 06721-1110
Telephone: 203 573-1200